JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Deborah Fowler

**DEFENDANTS**
DJT Trucking, LLC, Timothy G. Rogers, and Dairyland Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Mobile County, AL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Perry County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eaton Barnard   (251) 888-8888
P.O. Box 2187
Daphne, AL 36526

Attorneys *(If Known)*
Kenneth A. Hitson, Jr.   (251) 447-0234
Holtsford Gilliland Higgins Hitson & Howard, P.C.
29000 U. S. Highway 98, Ste B-101, Daphne, AL 36526

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§1441 and 1446

Brief description of cause:
Action for money damages; trucking accident..

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/21/2019

SIGNATURE OF ATTORNEY OF RECORD
Kenneth A. Hitson, Jr.

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH FOWLER | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No.: 19-311 |
| | * | |
| DJT TRUCKING, LLC, TIMOTHY G. ROGERS; DAIRYLAND INSURANCE COMPANY, | * * * * | |
| Defendants. | | |

## NOTICE OF REMOVAL

COMES NOW, the Defendant, DJT TRUCKING, LLC, and files its Notice of Removal and shows unto the Court as follows:

### A.   PROCEDURAL BACKGROUND

1.   The Plaintiff filed this action in the Circuit Court of Mobile County, Alabama, on or about January 21, 2019, as Civil Action No.: CV-2019-900202. Defendant DJT TRUCKING, LLC was served in this matter on May 29, 2019. (Exhibit "1"). This notice is filed in the United States District Court for the Southern District of Alabama, Southern Division, within the time allowed by law for the removal of actions to the United States District Court. The documents attached hereto as "Exhibit 2," to Defendant's knowledge, constitute the entire court file in the civil action in the Circuit Court of Mobile County, Alabama.

2. According to 28 U. S. C. 1446(b)(3) "a Notice of Removal may be filed within 30 days after acceptance by the Defendant, through service or otherwise, of a copy of an amended pleadings, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Thus, removal of this action is timely.

3. Further, Defendant files this Notice of Removal with the Court pursuant to 28 U.S.C. §§ 1441 and 1446 and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

4. Pursuant to 28 U.S.C. § 1446(d), Defendant shows that a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Mobile County, Alabama. The Notice of Removal is attached hereto as "Exhibit 3." Further, Defendant represents to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

**B.   DIVERSITY OF THE PARTIES**

5. Complete diversity exists between the parties identified in this action. Plaintiff DEBORAH FOWLER is a citizen and resident of Mobile County, State of Alabama. Defendant DJT TRUCKING, LLC is a foreign company formed under the laws of the State of Mississippi, with its principal place of business at 204A Hickory Grove Church Road, Richton, Mississippi 39476, whose members are Ronnie Graham, 204A Hickory Grove Church Road, Richton, Mississippi 39476 and Deborah Graham, 204A

Hickory Grove Church Road, Richton, Mississippi 39476. (See Exhibit 1). Thus, Defendant is not a citizen of the State of Alabama for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Defendant Timothy G. Rogers is a citizen of the State of Mississippi (Exhibit 4: excerpted and executed Interrogatory Responses of Timothy G. Rogers). Thus, Defendant Timothy G. Rogers is not a citizen of the State of Alabama for the purposes of diversity jurisdiction. 28 U.S.C. §1332(c)(1). Defendant Peak Property and Casualty Insurance Corporation, incorrectly named in the Plaintiff's Complaint as Dairyland Insurance Company, is a foreign company under the laws of the State of Alabama, with its principal place of business in Stevens Post, Wisconsin. (Exhibit 5: Alabama Secretary of State Registration). Thus, Defendant Park Property and Casualty Insurance Corporation is not a citizen of the State of Alabama for the purposes of diversity jurisdiction. 28 U.S.C. §1332(c)(1). Without waiver of any defenses or objections, including but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendant submits this Petition of Removal.

6. The parties identified above constitute all of the parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

7. The unanimity requirement for removal, which requires that all defendants consent to the removal has been satisfied. *See Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001). Undersigned counsel has spoken with counsel for all served co-Defendants and represents to the Court that consent for removal has been

obtained. Counsel for Defendant DJT Trucking, LLC is filing a concurrent motion with this Court on behalf of Defendant Timothy Rogers consenting to the removal (See Exhibit 6). Co-Defendant Peak Casualty Property and Insurance is also filing their consent with the Court.

### C.    AMOUNT IN CONTROVERSY

8.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and this action is between citizens of different states. Further, it is clear from "other paper," i.e., Plaintiff's Responses to Requests for Admissions, that the amount in controversy in the present case exceeds the jurisdictional limit of $75,000.00. (See Exhibit 7). In the propounded Request for Admission to the Plaintiff, the Defendant requested that the Plaintiff admit or deny "you will accept more than $75,000.00 in compensatory and punitive damages plus interest and costs of court. The Plaintiff admitted to this Request. (See Exhibit 7). However, five other Request for Admissions were propounded which requested, in differing terms, for the Plaintiff to admit or deny that the amount sought by the Plaintiff did not exceed $75,000.00. (See Exhibit 7). The response was, "Plaintiff has not reached maximum medical improvement. Therefore, the full extent of the Plaintiff's damages is not known at this time. Therefore, Plaintiff cannot admit or deny this request." (See Exhibit 7).

9.    Under Rule 36 of the Federal Rules, "if a matter is not admitted, the answer must specifically deny it or state in detail why the un-answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when

good faith requires that a party qualify an answer or deny only part of the matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

10. In the case of *Harden v. Field Memorial Community Hospital*, 516 F. Supp. 2d 600 (S. D. Mississippi 2007), the court addressed the issue of whether or not a Plaintiff's failure to admit or deny Request for Admissions provided sufficient information to establish jurisdiction. In that case, the Defendant served the Plaintiff with several Request for Admissions, similar to the Requests propounded in the present case. Specifically, on October 3, 2006, the Defendant served the Plaintiff with a Request for Admission which states, "Please admit that you will not seek damages…in excess of $75,000.00. *Id.* at 608. The Plaintiff responded as follows:

> Although Plaintiff and her attorney have made reasonable efforts and inquiry to fully assess her damages, Plaintiff and her attorney do not presently have all of the information necessary for Plaintiff to admit or deny her request.

*Id.* The Court noted in *Harden* that, "although the Plaintiff's discovery responses are vague and indefinite, her failure to admit or deny the requests for admission, coupled with her refusal with her demand for multifold relief, make is unequivocally clear and certain that she intended to seek more than $75,000.00. *Id.* In the present case, the Plaintiff submitted similarly evasive responses to five questions but admitted she would accept more than $75,000.00 in compensatory and punitive damages, plus interest and costs of court. Applying the standard from *Harden*, "such conduct makes it apparent that the Plaintiff is juggling jurisdictional issues in an attempt to defend federal removal

5

jurisdiction." *Id.* at 609. Thus, it is clear from the Plaintiff's responses to Requests for Admissions that the amount on controversy exceeds $75,000.00.

11. Further proof that the amount in controversy exceeds $75,000.00 can be found in the Plaintiff's Complaint. (See Exhibit 8). The Plaintiff has sued the alleged tortfeasor, his employer, and for underinsured motorist benefits for claims of negligence and wantonness. She is also seeking punitive damages against these Defendants. Although the Plaintiff made no specified demand in her Complaint, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. See e.g. *Tapscott v. M.S. Dealer Serve Corp.*, 77 F. 3rd 1353, 1359 (11th Cir. 1996) ("when Plaintiffs make an unspecified claim for money damages, removing party need only show by preponderance of the evidence that the amount in controversy exceeds the jurisdictional limits").

12. As evidence that the amount in controversy exceeds $75,000.00, DJT Trucking attaches the declaration page to the policy of insurance from which the Plaintiff seeks to recover. (See Exhibit 9). Despite having one million dollars of insurance available from the tortfeasor, the Plaintiff nevertheless insists he is underinsured and demands additional recovery from Peak Property & Casualty Insurance Company. This clearly evidences a demand in excess of $75,000.00.

## CONCLUSION

9. Defendant DJT Trucking, LLC has satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441 and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of Circuit Court of Mobile County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted,

/s/ Kenneth A. Hitson, Jr.
KENNETH A. HITSON, JR. (HITSK9097)
*Attorney for Defendants, DJT Trucking, LLC and Timothy G. Rogers*

OF COUNSEL:
Holtsford Gilliland Higgins Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
khitson@hglawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 21st day of June, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants, including:

Eaton G. Barnard
CITRIN LAW FIRM, P.C.
Post Office Drawer 2187
Daphne, Alabama 36526

Thomas S. Spires
Amanda T. Roy
SMITH, SPIRES & PEDDY, P.C.
2015 Second Avenue North- Suite 200
Birmingham, Alabama 35203

/s/ Kenneth A. Hitson, Jr.
OF COUNSEL