| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | Court Case Number<br>02-CV-2019-900202.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**DEBRA FOWLER V. DJT TRUCKING, LLC ET AL**

**NOTICE TO:**   DJT TRUCKING, LLC, C/O DEBORAH GRAHAM 204 A HICKORY GROVE CHURC, RICHTON, MS 39476

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), EATON G. BARNARD

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1904 DAUPHIN ISLAND PARKWAY, MOBILE, AL 36605

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                    *(Name(s))*

_5/29/2019 3:46:26 PM_          /s/ JOJO SCHWARZAUER          By: _____
*(Date)*                    *(Signature of Clerk)*                    *(Name)*

☐ Certified Mail is hereby requested.
_____
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____, County,
*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.
*(Date)*

_____    _____    _____
*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____    _____
*(Server's Printed Name)*        *(Phone Number of Server)*

**EXHIBIT**
tabbies
2

DOCUMENT 2



ELECTRONICALLY FILED
1/21/2019 4:53 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBRA FOWLER,                         *
                                      *
        Plaintiff,                    *
                                      *
v.                                    *      Civil Action No.: CV-2018-_____
                                      *
DJT TRUCKING, LLC; TIMOTHY G. ROGERS; *      PLAINTIFF REQUESTS TRIAL BY JURY
DAIRYLAND INSURANCE COMPANY;          *
Fictitious parties A, B & C, being those *
persons, entities or corporations     *
responsible for the acts complained of *
herein whose identities are not known *
at this time,                         *
                                      *
        Defendants.                   *

## COMPLAINT

Comes now Plaintiff DEBRA FOWLER and alleges against Defendants as follows:

1.      Plaintiff DEBRA FOWLER is a resident of Mobile County, Alabama and was so at all relevant times.

2.      Defendant DJT TRUCKING, LLC ("DJT") is a Georgia Limited Liability Corporation that was licensed to and doing business in Mobile County, Alabama at all relevant times.  DJT owns the truck driven by and employs TIMOTHY G. ROGERS, an adult resident of Forrest County, Mississippi at all relevant times.

3.      At approximately 10:30 p.m. on January 3, 2018, Defendant Rogers was driving a tractor trailer log truck for DJT Trucking, LLC. Rogers was leaving the parking lot of a poorly lit gas station attempting to turn left onto southbound McCrary Road in a rural area of Mobile County, Alabama.  The trailer being pulled by Rogers was empty and had little or no lighting to make it visible. At the same time, Plaintiff, Debra Fowler, was driving northbound on McCrary Road. Ms.

1

DOCUMENT 2

Fowler saw a vehicle pull out of a parking lot, but she could not see the trailer being pulled. As soon as she realized there was a trailer, she slammed on brakes, but it was too late, and she collided with the trailer.

4.      Defendants were negligent as follows: DJT was negligent for providing Rogers with a trailer that was poorly lit and poorly maintained. DJT may have been negligent in the way they trained Rogers. Rogers was negligent in pulling out in front of Ms. Fowler; failing to see what was there to be seen; failing to yield the right-of-way; failing to know and judge the time and distance it took to pull out of the drive; failing to inspect his truck and trailer for defects and safety violations; driving a truck with a trailer that was not lighted or was inadequately lighted and/or poorly maintained.

5.      When the collision occurred, the airbags deployed, causing burns and other injuries. Ms. Fowler suffered injuries to her feet, knees and shoulder. She suffers headaches. She has also endured emotional distress as a result of the incident and will likely suffer some of these damages in the future.

WHEREFORE, Plaintiff requests this Court enter judgment against Defendants in such sum above the minimum jurisdictional limits of the court as determined by a jury to be just, reasonable and adequate under the circumstances, plus all taxable costs.

## RECKLESSNESS OR WANTONNESS

6.      Plaintiff adopts paragraphs numbered one through five above as if fully set out herein. However, Plaintiff substitutes the word "reckless" for the word "negligent".

WHEREFORE, Plaintiff requests this Court enter judgment against Defendants, including punitive damages,  in such sum above the minimum jurisdictional limits of the court as

determined by a jury to be just, reasonable and adequate under the circumstances, plus all taxable costs.

## UNDERINSURED MOTORIST COVERAGE

7.      At all relevant times, Plaintiff was covered by a policy of underinsured motorist coverage issued by Defendant DAIRYLAND INSURANCE COMPANY ("DAIRYLAND").

8.      Plaintiff is entitled to underinsured motorists benefits under the terms of the policy.

WHEREFORE, Plaintiff requests this Court enter judgment against Defendant Dairyland in such sum above the minimum jurisdictional limits of the court and as determined by a jury to be just, reasonable and adequate under the circumstances, plus all taxable costs.

## PLAINTIFF REQUESTS TRIAL BY JURY

Respectfully submitted,

**CITRIN LAW FIRM, P.C.**
Attorney for Plaintiff


/s/ EATON G. BARNARD
EATON G. BARNARD (BAR059)
Post Office Drawer 2187
Daphne, Alabama  36526
Telephone:    (251) 621-3000
Eaton@citrinlaw.com

Defendants to be served as follows:

DJT Trucking, LLC
129 Pacific Road
Alma, Georgia 31510-7229

DOCUMENT 2

Timothy G. Rogers
192 Pop Runnels Road
Petal, Mississippi 39465

Dairyland Insurance Company
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
3/7/2019 3:44 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| DEBRA FOWLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. CV-2019-900202 |
| | * | |
| DJT TRUCKING, LLC; TIMOTHY G. | * | JURY TRIAL DEMANDED |
| ROGERS; DAIRYLAND INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## ANSWER

COMES NOW, Defendant, Timothy G. Rogers, by and through undersigned counsel, and in answer to Plaintiffs' Complaint, states as follows:

### PRELIMINARY STATEMENT

In order to preserve important legal rights and protections, Defendant sets forth below certain affirmative defenses which, based upon the information set forth in Plaintiff's Complaint, it believes do or may apply to some or all of the claims raised therein. Defendant reserves the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending on the outcome of discovery in this civil action.

1.     This Defendant is without sufficient information to either admit or deny the allegations of this paragraph; therefore, it is deemed denied.

2.     This Defendant denies the material allegations of this paragraph with the exception of the fact that he is a citizen of the State of Mississippi.

3.      This Defendant denies the material allegations of paragraph 3 and demands strict proof thereof with the exception that this Defendant admits that at the time, he was driving a tractor trailer for DJT Trucking, LLC.

4.      This Defendant denies the material allegations of this paragraph and demands strict proof thereof.

5.      This Defendant denies the material allegations of this paragraph and demands strict proof thereof.

## COUNT I

6.      This Defendant adopts and restates his responses to the preceding allegations of the Complaint as if fully set forth.

## COUNT II

7.      This Defendant is without sufficient information to either admit or deny the allegations of this paragraph; therefore, it is deemed denied.

8.      Defendant is without sufficient information to either admit or deny the allegations of this paragraph; therefore, it is deemed denied.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state grounds upon which relief can be granted.

2.      This Defendant pleads the general issue and "not guilty."

3.      This Defendant states that the Plaintiff was guilty of negligence on the date of the accident made the basis of her Complaint, and that such negligence proximately caused or contributed to cause the damages claimed and that any recovery is therefore barred.

4.      This Defendant denies that the Plaintiff was injured to the degree and extent claimed in the Complaint, and demands strict proof thereof.

5.      This Defendant states there existed an intervening cause which was the proximate cause of this accident, and proximately caused, or contributed to cause, the Plaintiff's alleged injuries.

6.      This Defendant states that there existed a sudden emergency, not of his own making, and that such emergency was the proximate cause of this accident.

7.      This Defendant states that no act or omission on his part was the proximate cause of Plaintiff's damages, and that no act or omission on his part contributed to cause Plaintiff's damages, as alleged, and demand strict proof thereof.

8.      The Plaintiff knew of the dangers complained of in the Complaint, realized and appreciated the possibility of injury as a result of such danger and, having reasonable opportunity to avoid such danger, knowingly and with understanding, voluntarily exposed her person to the danger and any and all incident and proximate consequences associated therewith.  Defendant pleads assumption of the risk.

9.      This Defendant states that the accident made the basis of the Plaintiffs' Complaint was caused by an "act of God" and pleads the same.

10.     This Defendant states that this accident was in fact caused by the negligence of the Plaintiff in failing to keep a proper look out, for failing to signal, failing to yield the right of way, and failing to operate his motor vehicle in a reasonably safe and prudent manner.

11.     This Defendant denies acting in a wanton, reckless, or intentional manner, on the date complained of, so as to justify any aware of punitive damages to the Plaintiff, and demands strict proof of the same.

12.     This Defendant states that the Plaintiff violated one or more of the rules of the road of the State of Alabama, and such violation proximately caused or contributed to cause the injuries

complained of in the Plaintiff's Complaint.

13.     This Defendant states this action is barred by operation of the statute of limitations applicable to this type of action, and pleads the same.

14.     The process served was insufficient to give notice of this cause or was incorrectly served.

15.     This Defendant states that there was insufficient service of process.

## PUNITIVE DAMAGES

1.     Pursuant to *Code of Alabama* (1975), as amended, §6-11-21, any award of punitive damages in this case shall not exceed $250,000.

2.     The damages complained of by the Plaintiff were caused or contributed to by Plaintiff's own negligence and thus, the Plaintiff ought not recover from this Defendant.

3.     The award of punitive damages to Plaintiff violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

    a.     it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.     the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c.     the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    d.     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e.      the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.      the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

g.      the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

4.      Plaintiff's attempt to impose punitive or extra contractual damages on Defendant on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

5.      The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

6.      The award of punitive damages to Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.      it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

c.      the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.      the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

e.      the award of punitive damages in this case constitutes a deprivation of property without due process of law.

7.   The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

8.   The award of punitive damages to the Plaintiff in this action violates the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

9.   The imposition of punitive damages in this case for alleged misconduct toward persons other than the Plaintiff would violate the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

10.   The imposition of punitive damages in this case would violate the Taking Clause of the Fifth Amendment of the United States Constitution.

11.   The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution because the standards of liability for punitive damages in Alabama are unduly vague and subjective and permit retroactive, random, arbitrary, excessive, capricious and disproportionate punishment that serves no legitimate governmental interest.

12.   The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

13.   The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the Plaintiff would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

14.   Any award of punitive damages in this case is subject to scrutiny under the factors

set forth in both the United States Supreme Court case of *BMW of North America v. Gore*, 116 S.Ct. 1589 (1996); and in the Alabama Supreme Court case of *BMW v. Gore*, No. 1920324 (Ala. S. Ct. May 9, 1997) (opinion after remand from U.S. Supreme Court).

15.     Any jury making an award of punitive damages in this case must consider the factors set forth in *Gore*, supra, in assessing constitutional punitive damages.

16.     Any award of punitive damages in this case would be unconstitutional under *Gore*, supra, as the Defendant received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

17.     To permit the imposition of punitive damages against the Defendant on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate the Defendant's right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and under Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

18.     To permit the imposition of punitive damages against the Defendant on a joint and several basis would violate the Defendant's rights under the Eighth Amendment to the Constitution of the United States and Article I, Section 15 of the Constitution of Alabama in that the award imposes an excessive fine against joint tortfeasors without any consideration of being allowed to be given by the jury to the degree of culpability of each defendant, if any.

19.     This Defendant pleads that any award of punitive damages is subject to the limitations set forth in the *Code of Alabama* (1975) § 6-11-21.

20.     To the extent the jury awards future damages, the award must conform with *Code of Alabama* §6-11-3.  In *Vaughn v. Oliver,* 2001 WL 1143713 (Ala.), the Supreme Court instructed a trial court to amend a judgment to conform with *Code of Alabama*  §6-5-543(b), which is substantially similar to §6-11-3.  Because the Alabama Supreme Court has enforced §6-5-543(b), this Court should overrule *Clark v. Container Corp. Of America, Inc.,* 589 So. 2d 184 (Ala. 1991) and apply §6-11-3.

21.     This Defendant avers that Plaintiff is not entitled to a jury trial on the question of punitive damages.  *Cooper Industries v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001) held that the amount of punitive damages "is not really a fact 'tried' by the jury," and the right to jury trial is therefore not implicated.   The court pointed to a fundamental difference between compensatory and punitive damages.  Whereas compensatory damages are "essentially a factual determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law.   The court cited the Eighth Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments.  It said that such punishments should be determined by courts as a matter of law, rather than by juries as a matter of fact.  Thus, the plaintiff in a civil case does not have a right to a jury trial with respect to punitive damages.

22.     Punitive damages may not be awarded in any civil action unless it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression or fraud, or acted with wantonness or malice with regard to the plaintiff.  Pursuant to *Code of Alabama* (1975) § 6-11-21(a),  punitive damages may not exceed three (3) times the compensatory damages or $500,000, whichever is greater.  Pursuant to *Code of Alabama* (1975) §6-11-21(b)(c), punitive damages assessed against a small business whose net worth is less than

$2,000,000 at the time of the occurrence made the basis of the lawsuit may not exceed $50,000 or 10% of the net worth of the business, whichever is greater.

23.     Pursuant to *Code of Alabama* (1975) § 6-11-21(d), punitive damages for physical injury shall not exceed three (3) times the compensatory damages or $1,500,000, whichever is greater.  Pursuant to *Code of Alabama* (1975) § 6-11-21(e), no defendant shall be liable for any punitive damages unless the defendant has been expressly found by the trier of fact to have engaged in conduct as described in *Code of Alabama* (1975) § 6-11-20 warranting punitive damages, and such defendant shall only be liable for punitive damages commiserate with that defendant's own conduct.

24.     The awarding of discretionary, compensatory damages for physical pain and mental suffering on behalf of a plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

> According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost.  However, there are no fixed standards for the ascertainment of compensatory damages recoverable for physical pain and mental suffering.  The amount of damages for such a claim is left to the sound discretion of the jury with no specific, much less objective, standards for the award.  Therefore, the procedure pursuant to which compensatory damages for physical pain and mental suffering are awarded violates the Constitution for the following reasons:

>> a.     It fails to provide a reasonable limit on the amount of the award against a defendant which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

>> b.     It fails to provide specific standards for the amount of the award of compensation which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

>> c.     It results in the imposition of different compensation for the same or similar acts, and thus violates the Equal Protection Clause of the United States Constitution.

>> d.     It constitutes deprivation of property without due process of law.

The awarding of discretionary compensatory damages for physical pain and mental suffering on behalf of a plaintiff violates the Due Process Clause, Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.  It fails to provide a reasonable limit on the amount of the award against a defendant which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

b.  It fails to provide specific standards for the amount of the award of compensation.

c.  It results in the imposition of different compensation for the same or similar acts.

d.  It constitutes deprivation of property without due process of law.

25.  Defendant reserves the right to amend this Answer as discovery in this matter continues.

**JURY TRIAL**

Trial by jury is respectfully requested.

Respectfully submitted,

*/s/ Kenneth A. Hitson, Jr.*
KENNETH A. HITSON, JR. (HIT002)
ROBERT C. ALEXANDER, II. (ALE048)
*Attorneys for Defendant Timothy G. Rogers*

OF COUNSEL
Holtsford Gilliland Higgins
    Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
khitson@hglawpc.com
ralexander@hglawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 7th day of March, 2019, Electronically filed the foregoing, using the Alafile system, which will send notification of the filing to the following:

Eaton G. Barnard
CITRIN LAW FIRM, P.C.
Post Office Drawer 2187
Daphne, Alabama 36526

Thomas S. Spires
Amanda T. Roy
SMITH, SPIRES & PEDDY, P.C.
2015 Second Avenue North- Suite 200
Birmingham, Alabama 35203

/s/ Kenneth A. Hitson, Jr.
**OF COUNSEL**

ELECTRONICALLY FILED
2/5/2019 10:54 AM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **DEBRA FOWLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV-19-900202** |
| | ) | |
| **DJT TRUCKING, LLC;** | ) | |
| **TIMOTHY G. ROGERS; and,** | ) | |
| **DAIRYLAND INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PEAK PROPERTY & CASUALTY INSURANCE CORPORATION'S ANSWER TO COMPLAINT

**COMES NOW** the Defendant, Peak Property & Casualty Insurance Corporation (designated by Plaintiff as Dairyland Insurance Company), by and through the undersigned counsel of record in the above-styled cause of action, and for answer to Plaintiff's Complaint, states as follows:

1.     Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, such allegations are denied.

2.     Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, such allegations are denied.

3.     Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, such allegations are denied.

4.     Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, such allegations are denied.

5.     Defendant is without sufficient information to admit or deny the allegations

*Page 1 of 10*

contained in this paragraph; therefore, such allegations are denied.

## RECKLESSNESS OR WANTONNESS

6.      Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, such allegations are denied.

## UNDERINSURED MOTORIST COVERAGE

7.      Admitted.

8.      Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, such allegations are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant in this matter.   Defendant therefore asserts said defenses in order to preserve its right to assert them.   Upon completion of discovery, and if the facts warrant, Defendant may withdraw any of these defenses as may be appropriate.   Further, Defendant reserves the right to amend this answer to assert additional defenses, cross claims, third-party claims and other claims and defenses as discovery proceeds.   Further answering and by way of defense and affirmative defense, Defendant states as follows:

## FIRST DEFENSE

The Defendant avers that it is not guilty of the matters and things alleged in Plaintiff's Complaint and demands strict proof thereof.

*Page 2 of 10*

## SECOND DEFENSE

The Defendant avers that jurisdiction is improper.

## THIRD DEFENSE

The Defendant denies that it is guilty of any breach of contract with the Plaintiff.

## FOURTH DEFENSE

The Defendant avers that venue is improper and/or inconvenient.

## FIFTH DEFENSE

The Defendant denies that it failed to tender compensation to the Plaintiff.

## SIXTH DEFENSE

The Defendant pleads the defense of contributory negligence.

## SEVENTH DEFENSE

For that on the occasion complained of, Plaintiff assumed the risk of her injuries with knowledge of the dangers involved in the act that she was performing at the time of the said injuries.

## EIGHTH DEFENSE

For that there is no causal connection or relationship between any alleged conduct on the part of this Defendant and Plaintiff's injuries or damages.

## NINTH DEFENSE

The Defendant pleads the statute of limitations.

*Page 3 of 10*

## TENTH DEFENSE

The Defendant denies the Plaintiff is injured to the nature and degree as claimed in the Complaint.

## ELEVENTH DEFENSE

The Plaintiff's Complaint, and each count thereof, to the extent that it seeks exemplary or punitive damages, violates this Defendant's rights to procedural due process under the Fourteenth Amendment of the Constitution of the United States and under the Constitution of the State of Alabama, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

## TWELFTH DEFENSE

The Plaintiff's Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates this Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the Constitution of the United States and Article I, Section 15 of the Constitution of the State of Alabama, and violates this Defendant's right to substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

## THIRTEENTH DEFENSE

The Defendant avers that the Complaint fails to state a claim upon which punitive

damages may be awarded to the Plaintiff.

## FOURTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

## FIFTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## SIXTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America in that punitive damages are vague and are not rationally related to the legitimate government interests.

## SEVENTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this cause will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of

law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## EIGHTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to this Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently defendants are entitled to the same procedural safeguards accorded to criminal defendants.

## NINETEENTH DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

## TWENTIETH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

## TWENTY-FIRST DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this Defendant

which are penal in nature.

## TWENTY-SECOND DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eight Amendment to the United States Constitution.

## TWENTY-THIRD DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that it would provide to the Plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981 in §27-1-17, <u>Code of Alabama</u> 1975, as amended.

## TWENTY-FOURTH DEFENSE

That the Plaintiff failed to mitigate her damages.

## TWENTY-FIFTH DEFENSE

This Defendant avers that Plaintiff's injuries and damages were the result of an independent intervening cause.

## TWENTY-SIXTH DEFENSE

This Defendant avers that all of the Plaintiff's medical expenses have been paid for by Plaintiff's medical insurance carrier, or some other form of insurance, and Plaintiff is not

entitled to recover said medical expenses pursuant to Alabama Act 87-187.

## TWENTY-SEVENTH DEFENSE

This Defendant avers that some other responsible entity and/or insurance company may have provided benefits in the form of medical payments and other compensation to the Plaintiff.

## TWENTY-EIGHTH DEFENSE

This Defendant says that there existed a sudden emergency not of its own making and that such emergency was the proximate cause of this accident.

## TWENTY-NINTH DEFENSE

This Defendant says that the Plaintiff violated one or more of the Rules of the Road of the State of Alabama and such violation proximately caused or contributed to cause the injuries complained of in the Plaintiff's Complaint.

## THIRTIETH DEFENSE

The Defendant pleads the doctrine of last clear chance.

## THIRTY-FIRST DEFENSE

The Defendant pleads the affirmative defense of fraud.

## THIRTY-SECOND DEFENSE

The Defendant pleads the affirmative defenses of payment, release, estoppel and waiver.

## THIRTY-THIRD DEFENSE

The Defendant pleads the affirmative defenses of accord and satisfaction.

## THIRTY-FOURTH DEFENSE

That the accident and/or the Plaintiff's injuries were caused by an Act of God.

## THIRTY-FIFTH DEFENSE

The Defendant pleads off set against any potential uninsured motorist benefits due to plaintiff and claims that it is entitled by contract to off set any uninsured motorist payments with payments made by defendant to plaintiff under medical payments coverage.

## THIRTY-SIXTH DEFENSE

This Defendant reserves the right to amend its Answer until all discovery has been completed.

Respectfully submitted,

/s/Thomas S. Spires
Thomas S. Spires (SPI003)

/s/Amanda T. Roy
Amanda T. Roy (TER026)
*Attorneys for Defendant Peak Property &
Casualty Insurance Corporation*

**OF COUNSEL:**
**SMITH, SPIRES & PEDDY, P.C.**
2015 Second Avenue North - Suite 200
Birmingham, Alabama 35203
(205)251-5885 Telephone
(205)251-8642 Facsimile
Email: spin@ssp-law.com
Email: amandar@ssp-law.com

*Page 9 of 10*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the Alabama Judicial System's E-Filing Website system which will send notification of such filing to the following e-mail addresses on this the 5th day of February, 2019.

Eaton G. Barnard
CITRIN LAW FIRM, P.C.
P.O. Drawer 2187
Daphne, AL 36526
(251) 621-3000 Telephone
Email: eaton@citrinlaw.com

/s/Amanda T. Roy
Of Counsel

*Page 10 of 10*

STATE OF ALA. MOBILE CO.
I HEREBY CERTIFY THIS
PLEADING WAS FILED ON

**2019 JAN 30  AM 10: 59**

CLERK CIRCUIT COURT

CERTIFIED MAIL

7018 0040 0000 3578 4711

JOJO SCHWARZAUR, CIRCUIT CLERK
MOBILE COUNTY - CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

To: TIMOTHY G. ROGERS
192 POP RUNNELS ROAD
PETAL, MS, 39465

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TIMOTHY G. ROGERS
192 POP RUNNELS ROAD
PETAL, MS 39465

9590 9402 3945 8060 1711 83

2. Article Number (Transfer from service label)

7018 0040 0000 3578 4711

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X                                    □ Agent
                                     □ Addressee

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

02-CV-209-0002/2

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS F                                 Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DAIRYLAND INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
2 N JACKSON ST. STE 605
MONTGOMERY, AL 36104



9590 9402 3945 8060 1712 06

2. Article Number (Transfer from service label)

7018 0040 0000 3578 4728

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Laura McHam_          ☐ Agent
                          ☑ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

19-CV-19-000202

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
       Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Retur

USPS TRACKING #

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box*

MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

CLERK CIRCUIT COURT

2019 JAN 28   AM 11: 30

STATE OF ALA MOBILE
I HEREBY CERTIFY THIS
PLEADING WAS FILED O



AlaFile E-Notice

02-CV-2019-900202.00

To:  KENNETH A. HITSON JR.
      khitson@hglawpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBRA FOWLER V. DJT TRUCKING, LLC ET AL
02-CV-2019-900202.00

The following discovery was FILED on 4/30/2019 12:13:16 PM

Notice Date:      4/30/2019 12:13:16 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
4/30/2019 12:12 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **DEBRA FOWLER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **Case No. CV-2019-900202** |
| | * | |
| **DJT TRUCKING, LLC; TIMOTHY G.** | * | |
| **ROGERS; DAIRYLAND INSURANCE** | * | |
| **COMPANY,** | * | |
| | * | |
| **Defendants.** | * | |

### NOTICE OF INTENT TO ISSUE SUBPOENAS TO NON-PARTIES

Take notice that upon the expiration of fifteen (15) days (or such other time as the Court

has allowed) from the date of service of this Notice, Defendant, Timothy G. Rogers, will apply to

the Clerk of this Court for issuance of the following subpoenas directed to:

1. Alabama Coastal Radiology;
2. Alabama Orthopaedic Clinic, PC;
3. Emergency Services of Mobile, PC;
4. Franklin Primary Health Center, Inc.;
5. Mobile County Health Department; and
6. Mobile Infirmary Medical Center.

to produce the documents or things at the time and place specified in the subpoenas.

Respectfully submitted,

*/s/ Kenneth A. Hitson, Jr.*
KENNETH A. HITSON, JR. (HIT002)
ROBERT C. ALEXANDER, II. (ALE048)
*Attorneys for Defendant Timothy G. Rogers*

OF COUNSEL
Holtsford Gilliland Higgins
    Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
khitson@hglawpc.com
ralexander@hglawpc.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have this 30th day of April, 2019, Electronically filed the foregoing, using the Alafile system, which will send notification of the filing to the following:

Eaton G. Barnard
CITRIN LAW FIRM, P.C.
Post Office Drawer 2187
Daphne, Alabama 36526

Thomas S. Spires
Amanda T. Roy
SMITH, SPIRES & PEDDY, P.C.
2015 Second Avenue North- Suite 200
Birmingham, Alabama 35203

                            /s/   Kenneth A. Hitson, Jr.
                            **OF COUNSEL**

ELECTRONICALLY FILED
4/30/2019 12:12 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| DEBRA FOWLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. CV-2019-900202 |
| | * | |
| DJT TRUCKING, LLC; TIMOTHY G. | * | |
| ROGERS; DAIRYLAND INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## CIVIL SUBPOENA
## FOR PRODUCTION OF DOCUMENTS, ETC. UNDER RULE 45

TO:   **Alabama Coastal Radiology**
      **ATTN: CUSTODIAN OF MEDICAL RECORDS _AND BILLING RECORDS_**
      **Post Office Box 9369**
      **Mobile, AL  36691**

    You are hereby commanded to produce and permit the above-named Defendant, Timothy G. Rogers to inspect and copy each of the following documents within fifteen (15) days after service of this subpoena:

    Certified copies of any and all medical records, including but not limited to, doctors' notes, nurses' notes, chart notes, laboratory and test results, consultation reports, medical histories, diagnosis and prognosis notes, correspondence, memoranda, _**itemized statements of account and billing records**_, MRI films*, MRI results and reports, CT scans*, CT scan results and reports, x-ray films*, x-ray results and reports, physical therapy records, dental records, medications, prescription records, to include any and all notes, records, reports and any other documents, materials, or records relating to or concerning, directly or indirectly, the care and treatment of **DEBRA S. FOWLER; DOB: 03/11/1959; SSN: XXX-XX-0952.**

    **ANY COPY COSTS OVER $100.00 NEED TO BE PRE-APPROVED BY THIS OFFICE.**

**[*Do not send MRI films, CT scans or x-ray films until such time as they are requested.]**

    **HIPAA COMPLIANCE STATEMENT.**  This subpoena is in compliance with 45 CFR § 164.512(e) governing release of medical records subject to the Health Insurance Portability and Accountability Act.  Pursuant to Rule 45, _Ala. R. Civ. P._, fifteen (15) days prior to issuance of this

subpoena, a *Notice of Intent to Serve Subpoena on a Non-Party* was mailed to the attorney for the above-named patient, identifying this litigation and the information requested, to permit the attorney for the patient to object to this subpoena. The ten (10) days allowed by Rule 45 for the patient or any other person to object to the subpoena have passed and no objection has been made to this subpoena. Therefore, this subpoena, along with the *Notice of Intent* constitutes the *satisfactory assurance* required for release under HIPAA of the subpoenaed records to the party causing the issuance of the subpoena. Failure to obey this subpoena without adequate excuse may be deemed a contempt of the court from which this subpoena issued.

**PLEASE REVIEW THE ABOVE LIST CAREFULLY AND INCLUDE ALL REQUESTED DOCUMENTS. WILLFUL FAILURE TO ABIDE BY THE SUBPOENA COULD SUBJECT YOU TO COURT SANCTIONS.**

Production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at that time of such production or inspection.

You have the option to deliver or mail legible copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies, or include your invoice along with your federal tax i.d. number. Please note that if you decide to copy and mail the requested documents and/or tangible things, Defendant **only** agrees to pay all "reasonable costs" incurred by you in connection with such production as such is defined in §12-21-6.1 Code of Alabama (1975).

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**IN THE EVENT YOU CANNOT LOCATE RECORDS CONCERNING THE PATIENT, PLEASE RESPOND IN WRITING STATING THE SAME, WITH LEGIBLE SIGNATURE OF PERSON RESPONDING AND DATE OF RESPONSE.**

**THIS SUBPOENA SHOULD BE DEEMED CONTINUING IN NATURE AND YOU ARE REQUESTED TO UPDATE YOUR RESPONSE PERIODICALLY TO REFLECT ANY INFORMATION OBTAINED AFTER THIS SUBPOENA IS INITIALLY RESPONDED TO SO THAT IT INCLUDES ALL INFORMATION OBTAINED UP TO AND INCLUDING THE TRIAL OF THIS CASE.**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE UNDERSIGNED.**

Dated this _____ day of _____, 2019.

         Respectfully submitted,

         */s/ Kenneth A. Hitson, Jr.*
         KENNETH A. HITSON, JR. (HIT002)
         ROBERT C. ALEXANDER, II. (ALE048)
         *Attorneys for Defendant Timothy G. Rogers*

OF COUNSEL
Holtsford Gilliland Higgins
 Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
(251) 447-0212 Facsimile
khitson@hglawpc.com
ralexander@hglawpc.com

Dated this _____ day of _____, 2019.

    By: _____
      DEPUTY CLERK

## **RETURN ON SERVICE**

 Executed by serving a copy of this subpoena on the addressee via
_____ on this _____ day of
_____, 2019.

    By: _____

## CERTIFICATION OF MEDICAL AND BILLING RECORDS

I hereby certify and affirm that the attached is a true and complete copy of medical and billing records pertaining to **DEBRA S. FOWLER**, consisting of _____ pages of medical/billing records kept in the office of **Alabama Coastal Radiology.**

I further certify that, to the best of my knowledge, said records were made in the regular course of business and made available to me by the Custodian of Records for the purpose of copying.

Signed this _____ day of _____, 2019.


Custodian of Records

_____
Print Name

_____
Authorized copier of medical records

Sworn     to     and     subscribed     before     me     this     _____     day     of
_____, 2019.


Notary Public

My commission expires: _____

ELECTRONICALLY FILED
4/30/2019 12:12 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **DEBRA FOWLER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No. CV-2019-900202** |
| | * | |
| **DJT TRUCKING, LLC; TIMOTHY G.** | * | |
| **ROGERS; DAIRYLAND INSURANCE** | * | |
| **COMPANY,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## CIVIL SUBPOENA
## FOR PRODUCTION OF DOCUMENTS, ETC. UNDER RULE 45

**TO:**  Alabama Orthopaedic Clinic, PC
**ATTN: CUSTODIAN OF MEDICAL RECORDS _AND BILLING RECORDS_**
3610 Springhill Memorial Dr. N., 3rd Floor
Mobile, AL  36608

     You are hereby commanded to produce and permit the above-named Defendant, Timothy G. Rogers to inspect and copy each of the following documents within fifteen (15) days after service of this subpoena:

     Certified copies of any and all medical records, including but not limited to, doctors' notes, nurses' notes, chart notes, laboratory and test results, consultation reports, medical histories, diagnosis and prognosis notes, correspondence, memoranda, _itemized statements of account and billing records_, MRI films*, MRI results and reports, CT scans*, CT scan results and reports, x-ray films*, x-ray results and reports, physical therapy records, dental records, medications, prescription records, to include any and all notes, records, reports and any other documents, materials, or records relating to or concerning, directly or indirectly, the care and treatment of **DEBRA S. FOWLER; DOB: 03/11/1959; SSN: XXX-XX-0952.**

     **ANY COPY COSTS OVER $100.00 NEED TO BE PRE-APPROVED BY THIS OFFICE.**

**[*Do not send MRI films, CT scans or x-ray films until such time as they are requested.]**

     **HIPAA COMPLIANCE STATEMENT.**  This subpoena is in compliance with 45 CFR § 164.512(e) governing release of medical records subject to the Health Insurance Portability and Accountability Act.  Pursuant to Rule 45, _Ala. R. Civ. P._, fifteen (15) days prior to issuance of this

subpoena, a *Notice of Intent to Serve Subpoena on a Non-Party* was mailed to the attorney for the above-named patient, identifying this litigation and the information requested, to permit the attorney for the patient to object to this subpoena. The ten (10) days allowed by Rule 45 for the patient or any other person to object to the subpoena have passed and no objection has been made to this subpoena. Therefore, this subpoena, along with the *Notice of Intent* constitutes the *satisfactory assurance* required for release under HIPAA of the subpoenaed records to the party causing the issuance of the subpoena. Failure to obey this subpoena without adequate excuse may be deemed a contempt of the court from which this subpoena issued.

**PLEASE REVIEW THE ABOVE LIST CAREFULLY AND INCLUDE ALL REQUESTED DOCUMENTS. WILLFUL FAILURE TO ABIDE BY THE SUBPOENA COULD SUBJECT YOU TO COURT SANCTIONS.**

Production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at that time of such production or inspection.

You have the option to deliver or mail legible copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies, or include your invoice along with your federal tax i.d. number. Please note that if you decide to copy and mail the requested documents and/or tangible things, Defendant **only** agrees to pay all "reasonable costs" incurred by you in connection with such production as such is defined in §12-21-6.1 Code of Alabama (1975).

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**IN THE EVENT YOU CANNOT LOCATE RECORDS CONCERNING THE PATIENT, PLEASE RESPOND IN WRITING STATING THE SAME, WITH LEGIBLE SIGNATURE OF PERSON RESPONDING AND DATE OF RESPONSE.**

**THIS SUBPOENA SHOULD BE DEEMED CONTINUING IN NATURE AND YOU ARE REQUESTED TO UPDATE YOUR RESPONSE PERIODICALLY TO REFLECT ANY INFORMATION OBTAINED AFTER THIS SUBPOENA IS INITIALLY RESPONDED TO SO THAT IT INCLUDES ALL INFORMATION OBTAINED UP TO AND INCLUDING THE TRIAL OF THIS CASE.**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE UNDERSIGNED.**

Dated this _____ day of _____, 2019.

Respectfully submitted,

_/s/ Kenneth A. Hitson, Jr._
KENNETH A. HITSON, JR. (HIT002)
ROBERT C. ALEXANDER, II. (ALE048)
_Attorneys for Defendant Timothy G. Rogers_

OF COUNSEL
Holtsford Gilliland Higgins
    Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
(251) 447-0212 Facsimile
khitson@hglawpc.com
ralexander@hglawpc.com

Dated this _____ day of _____, 2019.

By: _____
DEPUTY CLERK

## RETURN ON SERVICE

Executed   by   serving   a   copy   of   this   subpoena   on   the   addressee   via
_____   on   this   _____   day   of
_____, 2019.

By: _____

## CERTIFICATION OF MEDICAL AND BILLING RECORDS

I hereby certify and affirm that the attached is a true and complete copy of medical and billing records pertaining to **DEBRA S. FOWLER**, consisting of _____ pages of medical/billing records kept in the office of **Alabama Orthopaedic Clinic, PC.**

I further certify that, to the best of my knowledge, said records were made in the regular course of business and made available to me by the Custodian of Records for the purpose of copying.

Signed this _____ day of _____, 2019.

Custodian of Records

_____
Print Name

_____
Authorized copier of medical records

Sworn      to      and      subscribed      before      me      this      _____ day      of _____, 2019.

_____
Notary Public

My commission expires: _____

ELECTRONICALLY FILED
4/30/2019 12:12 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DEBRA FOWLER,                                    *
                                                 *
        Plaintiff,                               *
                                                 *
v.                                               *        **Case No. CV-2019-900202**
                                                 *
DJT TRUCKING, LLC; TIMOTHY G.                    *
ROGERS; DAIRYLAND INSURANCE                      *
COMPANY,                                         *
                                                 *
        Defendants.                              *
                                                 *

## CIVIL SUBPOENA
## FOR PRODUCTION OF DOCUMENTS, ETC. UNDER RULE 45

TO:   **Emergency Services of Mobile, PC**
      **c/o Registered Agent, Corporation Service Company, Inc.**
      **ATTN: CUSTODIAN OF MEDICAL RECORDS _AND BILLING RECORDS_**
      **641 South Lawrence Street**
      **Montgomery, AL 36104**

        You are hereby commanded to produce and permit the above-named Defendant, Timothy
G. Rogers to inspect and copy each of the following documents within fifteen (15) days after
service of this subpoena:

        Certified copies of any and all medical records, including but not limited to,
        doctors' notes, nurses' notes, chart notes, laboratory and test results, consultation
        reports, medical histories, diagnosis and prognosis notes, correspondence,
        memoranda, **_itemized statements of account and billing records_**, MRI films*, MRI
        results and reports, CT scans*, CT scan results and reports, x-ray films*, x-ray
        results and reports, physical therapy records, dental records, medications,
        prescription records, to include any and all notes, records, reports and any other
        documents, materials, or records relating to or concerning, directly or indirectly,
        the care and treatment of **DEBRA S. FOWLER; DOB: 03/11/1959; SSN: XXX-
        XX-0952.**

        **HIPAA COMPLIANCE STATEMENT.**  This subpoena is in compliance with 45 CFR
§ 164.512(e) governing release of medical records subject to the Health Insurance Portability and
Accountability Act.  Pursuant to Rule 45, _Ala. R. Civ. P._, fifteen (15) days prior to issuance of this
subpoena, a _Notice of Intent to Serve Subpoena on a Non-Party_ was mailed to the attorney for the
above-named patient, identifying this litigation and the information requested, to permit the
attorney for the patient to object to this subpoena.  The ten (10) days allowed by Rule 45 for the
patient or any other person to object to the subpoena have passed and no objection has been made

to this subpoena. Therefore, this subpoena, along with the *Notice of Intent* constitutes the *satisfactory assurance* required for release under HIPAA of the subpoenaed records to the party causing the issuance of the subpoena. Failure to obey this subpoena without adequate excuse may be deemed a contempt of the court from which this subpoena issued.

**PLEASE REVIEW THE ABOVE LIST CAREFULLY AND INCLUDE ALL REQUESTED DOCUMENTS. WILLFUL FAILURE TO ABIDE BY THE SUBPOENA COULD SUBJECT YOU TO COURT SANCTIONS.**

Production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at that time of such production or inspection.

You have the option to deliver or <u>mail</u> legible copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies, or include your <u>invoice</u> along with your <u>federal tax i.d. number</u>. Please note that if you decide to copy and mail the requested documents and/or tangible things, Defendant **only** agrees to pay all "reasonable costs" incurred by you in connection with such production as such is defined in **§12-21-6.1** <u>Code of Alabama</u> (1975).

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**IN THE EVENT YOU CANNOT LOCATE RECORDS CONCERNING THE PATIENT, PLEASE RESPOND IN WRITING STATING THE SAME, WITH LEGIBLE SIGNATURE OF PERSON RESPONDING AND DATE OF RESPONSE.**

**<u>THIS SUBPOENA SHOULD BE DEEMED CONTINUING IN NATURE AND YOU ARE REQUESTED TO UPDATE YOUR RESPONSE PERIODICALLY TO REFLECT ANY INFORMATION OBTAINED AFTER THIS SUBPOENA IS INITIALLY RESPONDED TO SO THAT IT INCLUDES ALL INFORMATION OBTAINED UP TO AND INCLUDING THE TRIAL OF THIS CASE.</u>**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE UNDERSIGNED.**

Dated this _____ day of _____, 2019.

Respectfully submitted,

/s/ Kenneth A. Hitson, Jr.
KENNETH A. HITSON, JR. (HIT002)
ROBERT C. ALEXANDER, II. (ALE048)
*Attorneys for Defendant Timothy G. Rogers*

OF COUNSEL
Holtsford Gilliland Higgins
   Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
(251) 447-0212 Facsimile
khitson@hglawpc.com
ralexander@hglawpc.com

Dated this _____ day of _____, 2019.

By: _____
    DEPUTY CLERK

## RETURN ON SERVICE

Executed   by   serving   a   copy   of   this   subpoena   on   the   addressee   via
_____ on   this   _____ day   of
_____, 2019.

By: _____

## CERTIFICATION OF MEDICAL AND BILLING RECORDS

I hereby certify and affirm that the attached is a true and complete copy of medical and billing records pertaining to **DEBRA S. FOWLER**, consisting of _____ pages of medical/billing records kept in the office of **Emergency Services of Mobile, PC.**

I further certify that, to the best of my knowledge, said records were made in the regular course of business and made available to me by the Custodian of Records for the purpose of copying.

Signed this _____ day of _____ , 2019.


_____
Custodian of Records

_____
Print Name

_____
Authorized copier of medical records

Sworn    to    and    subscribed    before    me    this    _____    day    of
_____ , 2019.


_____
Notary Public

My commission expires: _____

ELECTRONICALLY FILED
4/30/2019 12:12 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| DEBRA FOWLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. CV-2019-900202 |
| | * | |
| DJT TRUCKING, LLC; TIMOTHY G. | * | |
| ROGERS; DAIRYLAND INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |
| | * | |

### CIVIL SUBPOENA
### FOR PRODUCTION OF DOCUMENTS, ETC. UNDER RULE 45

TO:   Franklin Primary Health Center, Inc.
      **ATTN: CUSTODIAN OF MEDICAL RECORDS _AND BILLING RECORDS_**
      **1303 Dr. Martin Luther King, Jr. Ave.**
      **Mobile, AL  36603**

You are hereby commanded to produce and permit the above-named Defendant, Timothy G. Rogers to inspect and copy each of the following documents within fifteen (15) days after service of this subpoena:

Certified copies of any and all medical records, including but not limited to, doctors' notes, nurses' notes, chart notes, laboratory and test results, consultation reports, medical histories, diagnosis and prognosis notes, correspondence, memoranda, _**itemized statements of account and billing records**_, MRI films*, MRI results and reports, CT scans*, CT scan results and reports, x-ray films*, x-ray results and reports, physical therapy records, dental records, medications, prescription records, to include any and all notes, records, reports and any other documents, materials, or records relating to or concerning, directly or indirectly, the care and treatment of **DEBRA S. FOWLER; DOB: 03/11/1959; SSN: XXX-XX-0952.**

**ANY COPY COSTS OVER $100.00 NEED TO BE PRE-APPROVED BY THIS OFFICE.**

**[*Do not send MRI films, CT scans or x-ray films until such time as they are requested.]**

**HIPAA COMPLIANCE STATEMENT.**  This subpoena is in compliance with 45 CFR § 164.512(e) governing release of medical records subject to the Health Insurance Portability and Accountability Act.  Pursuant to Rule 45, _Ala. R. Civ. P._, fifteen (15) days prior to issuance of this

subpoena, a *Notice of Intent to Serve Subpoena on a Non-Party* was mailed to the attorney for the above-named patient, identifying this litigation and the information requested, to permit the attorney for the patient to object to this subpoena. The ten (10) days allowed by Rule 45 for the patient or any other person to object to the subpoena have passed and no objection has been made to this subpoena. Therefore, this subpoena, along with the *Notice of Intent* constitutes the *satisfactory assurance* required for release under HIPAA of the subpoenaed records to the party causing the issuance of the subpoena. Failure to obey this subpoena without adequate excuse may be deemed a contempt of the court from which this subpoena issued.

**PLEASE REVIEW THE ABOVE LIST CAREFULLY AND INCLUDE ALL REQUESTED DOCUMENTS. WILLFUL FAILURE TO ABIDE BY THE SUBPOENA COULD SUBJECT YOU TO COURT SANCTIONS.**

Production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at that time of such production or inspection.

You have the option to deliver or <u>mail</u> legible copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies, or include your <u>invoice</u> along with your <u>federal tax i.d. number</u>. Please note that if you decide to copy and mail the requested documents and/or tangible things, Defendant **only** agrees to pay all "reasonable costs" incurred by you in connection with such production as such is defined in **§12-21-6.1** <u>Code of Alabama</u> (1975).

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**IN THE EVENT YOU CANNOT LOCATE RECORDS CONCERNING THE PATIENT, PLEASE RESPOND IN WRITING STATING THE SAME, WITH LEGIBLE SIGNATURE OF PERSON RESPONDING AND DATE OF RESPONSE.**

**<u>THIS SUBPOENA SHOULD BE DEEMED CONTINUING IN NATURE AND YOU ARE REQUESTED TO UPDATE YOUR RESPONSE PERIODICALLY TO REFLECT ANY INFORMATION OBTAINED AFTER THIS SUBPOENA IS INITIALLY RESPONDED TO SO THAT IT INCLUDES ALL INFORMATION OBTAINED UP TO AND INCLUDING THE TRIAL OF THIS CASE</u>.**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE UNDERSIGNED.**

Dated this _____ day of _____, 2019.

                                       Respectfully submitted,

                                       */s/ Kenneth A. Hitson, Jr.*
                                       KENNETH A. HITSON, JR. (HIT002)
                                       ROBERT C. ALEXANDER, II. (ALE048)
                                       *Attorneys for Defendant Timothy G. Rogers*

OF COUNSEL
Holtsford Gilliland Higgins
    Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
(251) 447-0212 Facsimile
khitson@hglawpc.com
ralexander@hglawpc.com

Dated this _____ day of _____, 2019.

                         By: _____
                              DEPUTY CLERK

## **RETURN ON SERVICE**

    Executed   by   serving   a   copy   of   this   subpoena   on   the   addressee   via
_____ on          this                 day       of
_____, 2019.

                         By: _____

## CERTIFICATION OF MEDICAL AND BILLING RECORDS

I hereby certify and affirm that the attached is a true and complete copy of medical and billing records pertaining to **DEBRA S. FOWLER**, consisting of _____ pages of medical/billing records kept in the office of **Franklin Primary Health Center, Inc.**

I further certify that, to the best of my knowledge, said records were made in the regular course of business and made available to me by the Custodian of Records for the purpose of copying.

Signed this _____ day of _____, 2019.


Custodian of Records

_____
Print Name

_____
Authorized copier of medical records

Sworn      to      and      subscribed      before      me      this      _____      day      of _____, 2019.


_____
Notary Public

My commission expires: _____

ELECTRONICALLY FILED
4/30/2019 12:12 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| DEBRA FOWLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. CV-2019-900202 |
| | * | |
| DJT TRUCKING, LLC; TIMOTHY G. | * | |
| ROGERS; DAIRYLAND INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |
| | * | |

### CIVIL SUBPOENA
### FOR PRODUCTION OF DOCUMENTS, ETC. UNDER RULE 45

TO:   Mobile County Health Department
      ATTN: CUSTODIAN OF MEDICAL RECORDS *AND BILLING RECORDS*
      251 North Bayou Street
      Mobile, AL  36603

You are hereby commanded to produce and permit the above-named Defendant, Timothy G. Rogers to inspect and copy each of the following documents within fifteen (15) days after service of this subpoena:

Certified copies of any and all medical records, including but not limited to, doctors' notes, nurses' notes, chart notes, laboratory and test results, consultation reports, medical histories, diagnosis and prognosis notes, correspondence, memoranda, ***itemized statements of account and billing records***, MRI films*, MRI results and reports, CT scans*, CT scan results and reports, x-ray films*, x-ray results and reports, physical therapy records, dental records, medications, prescription records, to include any and all notes, records, reports and any other documents, materials, or records relating to or concerning, directly or indirectly, the care and treatment of **DEBRA S. FOWLER; DOB: 03/11/1959; SSN: XXX-XX-0952.**

**ANY COPY COSTS OVER $100.00 NEED TO BE PRE-APPROVED BY THIS OFFICE.**

**[*Do not send MRI films, CT scans or x-ray films until such time as they are requested.]**

**HIPAA COMPLIANCE STATEMENT.**  This subpoena is in compliance with 45 CFR § 164.512(e) governing release of medical records subject to the Health Insurance Portability and Accountability Act.  Pursuant to Rule 45, *Ala. R. Civ. P.*, fifteen (15) days prior to issuance of this

subpoena, a *Notice of Intent to Serve Subpoena on a Non-Party* was mailed to the attorney for the above-named patient, identifying this litigation and the information requested, to permit the attorney for the patient to object to this subpoena. The ten (10) days allowed by Rule 45 for the patient or any other person to object to the subpoena have passed and no objection has been made to this subpoena. Therefore, this subpoena, along with the *Notice of Intent* constitutes the *satisfactory assurance* required for release under HIPAA of the subpoenaed records to the party causing the issuance of the subpoena. Failure to obey this subpoena without adequate excuse may be deemed a contempt of the court from which this subpoena issued.

**PLEASE REVIEW THE ABOVE LIST CAREFULLY AND INCLUDE ALL REQUESTED DOCUMENTS. WILLFUL FAILURE TO ABIDE BY THE SUBPOENA COULD SUBJECT YOU TO COURT SANCTIONS.**

Production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at that time of such production or inspection.

You have the option to deliver or <u>mail</u> legible copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies, or include your <u>invoice</u> along with your <u>federal tax i.d. number</u>. Please note that if you decide to copy and mail the requested documents and/or tangible things, Defendant **only** agrees to pay all "reasonable costs" incurred by you in connection with such production as such is defined in **§12-21-6.1** <u>Code of Alabama</u> (1975).

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**IN THE EVENT YOU CANNOT LOCATE RECORDS CONCERNING THE PATIENT, PLEASE RESPOND IN WRITING STATING THE SAME, WITH LEGIBLE SIGNATURE OF PERSON RESPONDING AND DATE OF RESPONSE.**

**<u>THIS SUBPOENA SHOULD BE DEEMED CONTINUING IN NATURE AND YOU ARE REQUESTED TO UPDATE YOUR RESPONSE PERIODICALLY TO REFLECT ANY INFORMATION OBTAINED AFTER THIS SUBPOENA IS INITIALLY RESPONDED TO SO THAT IT INCLUDES ALL INFORMATION OBTAINED UP TO AND INCLUDING THE TRIAL OF THIS CASE.</u>**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE UNDERSIGNED.**

Dated this _____ day of _____, 2019.

                                            Respectfully submitted,

                                            */s/ Kenneth A. Hitson, Jr.*
                                            KENNETH A. HITSON, JR. (HIT002)
                                            ROBERT C. ALEXANDER, II. (ALE048)
                                            *Attorneys for Defendant Timothy G. Rogers*

OF COUNSEL
Holtsford Gilliland Higgins
   Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
(251) 447-0212 Facsimile
khitson@hglawpc.com
ralexander@hglawpc.com

Dated this _____ day of _____, 2019.

                      By: _____
                              DEPUTY CLERK

## RETURN ON SERVICE

    Executed by serving a copy of this subpoena on the addressee via _____ on this _____ day of _____, 2019.

                      By: _____

## CERTIFICATION OF MEDICAL AND BILLING RECORDS

I hereby certify and affirm that the attached is a true and complete copy of medical and billing records pertaining to **DEBRA S. FOWLER**, consisting of _____ pages of medical/billing records kept in the office of **Mobile County Health Department.**

I further certify that, to the best of my knowledge, said records were made in the regular course of business and made available to me by the Custodian of Records for the purpose of copying.

Signed this _____ day of _____, 2019.


_____

Custodian of Records

_____

Print Name

_____

Authorized copier of medical records

Sworn     to     and     subscribed     before     me     this     _____     day     of
_____, 2019.


_____

Notary Public

My commission expires: _____

ELECTRONICALLY FILED
4/30/2019 12:12 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| DEBRA FOWLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. CV-2019-900202 |
| | * | |
| DJT TRUCKING, LLC; TIMOTHY G. | * | |
| ROGERS; DAIRYLAND INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## CIVIL SUBPOENA
## FOR PRODUCTION OF DOCUMENTS, ETC. UNDER RULE 45

TO:   Mobile Infirmary Medical Center
      **ATTN: CUSTODIAN OF MEDICAL RECORDS _AND BILLING RECORDS_**
      **5 Mobile Infirmary Circle**
      **Mobile, AL 36607**

You are hereby commanded to produce and permit the above-named Defendant, Timothy G. Rogers to inspect and copy each of the following documents within fifteen (15) days after service of this subpoena:

Certified copies of any and all medical records, including but not limited to, doctors' notes, nurses' notes, chart notes, laboratory and test results, consultation reports, medical histories, diagnosis and prognosis notes, correspondence, memoranda, **_itemized statements of account and billing records_**, MRI films*, MRI results and reports, CT scans*, CT scan results and reports, x-ray films*, x-ray results and reports, physical therapy records, dental records, medications, prescription records, to include any and all notes, records, reports and any other documents, materials, or records relating to or concerning, directly or indirectly, the care and treatment of **DEBRA S. FOWLER; DOB: 03/11/1959; SSN: XXX-XX-0952.**

**ANY COPY COSTS OVER $100.00 NEED TO BE PRE-APPROVED BY THIS OFFICE.**

**[*Do not send MRI films, CT scans or x-ray films until such time as they are requested.]**

**HIPAA COMPLIANCE STATEMENT.** This subpoena is in compliance with 45 CFR § 164.512(e) governing release of medical records subject to the Health Insurance Portability and Accountability Act. Pursuant to Rule 45, _Ala. R. Civ. P._, fifteen (15) days prior to issuance of this

subpoena, a *Notice of Intent to Serve Subpoena on a Non-Party* was mailed to the attorney for the above-named patient, identifying this litigation and the information requested, to permit the attorney for the patient to object to this subpoena. The ten (10) days allowed by Rule 45 for the patient or any other person to object to the subpoena have passed and no objection has been made to this subpoena. Therefore, this subpoena, along with the *Notice of Intent* constitutes the *satisfactory assurance* required for release under HIPAA of the subpoenaed records to the party causing the issuance of the subpoena. Failure to obey this subpoena without adequate excuse may be deemed a contempt of the court from which this subpoena issued.

**PLEASE REVIEW THE ABOVE LIST CAREFULLY AND INCLUDE ALL REQUESTED DOCUMENTS. WILLFUL FAILURE TO ABIDE BY THE SUBPOENA COULD SUBJECT YOU TO COURT SANCTIONS.**

Production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you. You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at that time of such production or inspection.

You have the option to deliver or <u>mail</u> legible copies of documents or things to the party causing the issuance of this subpoena but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies, or include your <u>invoice</u> along with your <u>federal tax i.d. number</u>. Please note that if you decide to copy and mail the requested documents and/or tangible things, Defendant **only** agrees to pay all "reasonable costs" incurred by you in connection with such production as such is defined in **§12-21-6.1** <u>Code of Alabama</u> (1975).

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

**IN THE EVENT YOU CANNOT LOCATE RECORDS CONCERNING THE PATIENT, PLEASE RESPOND IN WRITING STATING THE SAME, WITH LEGIBLE SIGNATURE OF PERSON RESPONDING AND DATE OF RESPONSE.**

**<u>THIS SUBPOENA SHOULD BE DEEMED CONTINUING IN NATURE AND YOU ARE REQUESTED TO UPDATE YOUR RESPONSE PERIODICALLY TO REFLECT ANY INFORMATION OBTAINED AFTER THIS SUBPOENA IS INITIALLY RESPONDED TO SO THAT IT INCLUDES ALL INFORMATION OBTAINED UP TO AND INCLUDING THE TRIAL OF THIS CASE.</u>**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE UNDERSIGNED.**

Dated this _____ day of _____, 2019.

                              Respectfully submitted,

                              /s/ Kenneth A. Hitson, Jr.
                              KENNETH A. HITSON, JR. (HIT002)
                              ROBERT C. ALEXANDER, II. (ALE048)
                              *Attorneys for Defendant Timothy G. Rogers*

OF COUNSEL
Holtsford Gilliland Higgins
    Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
(251) 447-0212 Facsimile
khitson@hglawpc.com
ralexander@hglawpc.com

Dated this _____ day of _____, 2019.

            By:   _____
                  DEPUTY CLERK

### RETURN ON SERVICE

     Executed   by   serving   a   copy   of   this   subpoena   on   the   addressee   via
_____   on   this   _____   day   of
_____, 2019.

            By:   _____

## CERTIFICATION OF MEDICAL AND BILLING RECORDS

I hereby certify and affirm that the attached is a true and complete copy of medical and billing records pertaining to **DEBRA S. FOWLER**, consisting of _____ pages of medical/billing records kept in the office of **Mobile Infirmary Medical Center.**

I further certify that, to the best of my knowledge, said records were made in the regular course of business and made available to me by the Custodian of Records for the purpose of copying.

Signed this _____ day of _____, 2019.

_____

Custodian of Records

_____

Print Name

_____

Authorized copier of medical records

Sworn      to      and      subscribed      before      me      this      _____      day      of

_____, 2019.

_____

Notary Public

My commission expires: _____

DOCUMENT 32



ELECTRONICALLY FILED
3/7/2019 3:47 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **DEBRA FOWLER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No. CV-2019-900202** |
| | * | |
| **DJT TRUCKING, LLC; TIMOTHY G.** | * | |
| **ROGERS; DAIRYLAND INSURANCE** | * | |
| **COMPANY,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

### NOTICE OF SERVICE OF DISCOVERY

COMES NOW, the Defendant Timothy G. Rogers, by and through undersigned counsel, and files this Notice of Service of the following discovery on all parties to this cause:

1.    Defendant's First Set of Requests for Admissions, Interrogatories and Requests for
Production of Documents to Plaintiff.

Respectfully submitted,

*/s/ Kenneth A. Hitson, Jr.*
KENNETH A. HITSON, JR. (HIT002)
ROBERT C. ALEXANDER, II. (ALE048)
*Attorneys for Defendant Timothy G. Rogers*

OF COUNSEL
Holtsford Gilliland Higgins
   Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
khitson@hglawpc.com
ralexander@hglawpc.com

DOCUMENT 32

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 7th day of March, 2019, Electronically filed the foregoing, using the Alafile system, which will send notification of the filing to the following:

Eaton G. Barnard
CITRIN LAW FIRM, P.C.
Post Office Drawer 2187
Daphne, Alabama 36526

Thomas S. Spires
Amanda T. Roy
SMITH, SPIRES & PEDDY, P.C.
2015 Second Avenue North- Suite 200
Birmingham, Alabama 35203

/s/   *Kenneth A. Hitson, Jr.*
**OF COUNSEL**

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| DEBRA FOWLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. CV-2019-900202 |
| | * | |
| DJT TRUCKING, LLC; TIMOTHY G. | * | |
| ROGERS; DAIRYLAND INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |
| | * | |

### DEFENDANTS TIMOTHY G. ROGERS' FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

COMES NOW, Defendant Timothy G. Rogers, and propounds the following Requests for Admissions, Interrogatories and Requests for Production of Documents to Plaintiff Debra Fowler pursuant to Rule 36 of the *Alabama Rules of Civil Procedure* and demands that they be responded to within the time provided by law:

### REQUESTS FOR ADMISSIONS

1.      The amount in controversy in this matter exceeds the sum of $75,000.00 exclusive of interest and costs.

2.      This case satisfies the "amount in controversy" requirements of 28 USC § 1332.

3.      You are seeking an award of more than $75,000.00 to satisfy all of the claims stated in your complaint.

4.      You will accept more than $75,000.00 in compensatory and punitive damages, plus interest and costs of court.

5.      There is evidence which supports an award of damages in this case exceeding

$75,000.00 including compensatory and punitive damages.

6.  The proper measure of damages, if any, exceeds $75,000.00 inclusive of all claims for compensatory and punitive damages.

## INTERROGATORIES

1.  If your response to any of the foregoing Requests for Admissions is anything other than an unqualified admission, as to each separate response please state the following:

  a.  State each and every fact upon which you rely in refusing to admit said response;

  b.  Identify all documents upon which you rely in refusing to admit said response; and

  c.  Identify all witnesses who have any knowledge of the facts and/or circumstances upon which you rely in refusing to admit said response.

2.  State each and every fact which you contend supports an award of damages in this matter in excess of $75,000.00.

3.  State each and every fact which you claim supports you claim for damages against this Defendant.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  If your response to any of the foregoing Requests for Admission is anything other than an unqualified admission, as to each separate response please produce the following:

  a.  All documents upon which you rely in refusing to admit said response;

  b.  All documents which identify any witnesses or persons with knowledge upon which you rely in refusing to admit said response; and

  c.  All documents which in any way refer to the subject matter of the request

for admission.

2.      Please produce each and every document in your possession which supports any claim that the amount in controversy in this matter exceeds the sum of $75,000.00.

3.      Please produce all documents which support your claim for damages against this Defendant.

Respectfully submitted,

/s/ Kenneth A. Hitson, Jr.
KENNETH A. HITSON, JR. (HIT002)
ROBERT C. ALEXANDER, II. (ALE048)
*Attorneys for Defendant Timothy G. Rogers*

OF COUNSEL
Holtsford Gilliland Higgins
   Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
khitson@hglawpc.com
ralexander@hglawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 7th day of March, 2019, Electronically filed the foregoing, using the Alafile system, which will send notification of the filing to the following:

Eaton G. Barnard
CITRIN LAW FIRM, P.C.
Post Office Drawer 2187
Daphne, Alabama 36526

Thomas S. Spires
Amanda T. Roy
SMITH, SPIRES & PEDDY, P.C.
2015 Second Avenue North- Suite 200
Birmingham, Alabama 35203

/s/   Kenneth A. Hitson, Jr.
**OF COUNSEL**

DOCUMENT 56



ELECTRONICALLY FILED
6/5/2019 9:21 AM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **DEBRA FOWLER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | Civil Action No.:  CV-2019-900202 |
| | * | |
| **DJT TRUCKING, LLC; TIMOTHY G.** | * | |
| **ROGERS; DAIRYLAND INSURANCE** | * | |
| **COMPANY; Fictitious parties A, B & C,** | * | |
| being those persons, entities or | * | |
| corporations responsible for the acts | * | |
| complained of herein whose identities | * | |
| are not known at this time, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

### NOTICE OF SERVICE OF DISCOVERY

PLEASE TAKE NOTICE that the following document has been served on behalf

of Defendant Timothy G. Rogers:

1.    Defendant's Responses to Plaintiff's First Set of Interrogatories
and Request for Production.

Respectfully submitted,

_/s/  Kenneth A. Hitson, Jr._
KENNETH A. HITSON, JR. (HIT002)
*Attorney for Defendant, Timothy G. Rogers*

OF COUNSEL
Holtsford Gilliland Higgins
   Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
khitson@hglawpc.com

1

## CERTIFICATE OF SERVICE

I hereby certify that I have this 5th day of June, 2019, Electronically filed the foregoing, using the Alafile system, which will send notification of the filing to the following:

Eaton G. Barnard
EATON G. BARNARD (BAR059) Citrin Law Firm, PC
1904 Dauphin Island Parkway
Mobile, Alabama 36605
Email: eaton@citrinlaw.com

　　　　　 /s/  Kenneth A. Hitson, Jr.
OF COUNSEL

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| DEBRA FOWLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: CV-2019-900202 |
| | * | |
| DJT TRUCKING, LLC; TIMOTHY G. | * | |
| ROGERS; DAIRYLAND INSURANCE | * | |
| COMPANY; Fictitious parties A, B & C, | * | |
| being those persons, entities or | * | |
| corporations responsible for the acts | * | |
| complained of herein whose identities | * | |
| are not known at this time, | * | |
| | * | |
| Defendants. | * | |
| | * | |

### DEFENDANT'S RESPONSES TO PLAINTIFF' S FIRST SET OF INTERROGATORIES ND REQUEST FOR PRODUCTION

Comes now the Defendant Timothy Greg Rogers and in response to Plaintiff's

First Interrogatories and Requests for Production states as follows:

### INTERROGATORIES

1.      State your full name, residence address, date of birth, and Social Security

Number.

ANSWER:  Timothy Greg Rogers
            64 Watkins Drive
            Petal, Mississippi
            DOB: 5/15/1982
            SS#: xxx-xx-4675

1

2.      Please state the name and address of your employer at the time of the subject crash.

**ANSWER:  DJT Trucking**
           **204 Hickory Grove Church Road**
           **Richton, Mississippi 39476**

3.      Please state whether or not you were working at the time of the subject crash.

**ANSWER: Yes.**

4.      With respect to the motor vehicle occupied by you at the time of the collision made the basis of Plaintiff's Complaint, identify its owner by name and address, its operator by name and address, and each of its occupants by name, address, seating position, and relationship or connection with you.

**ANSWER: Owner:  DJT Trucking**
           **Operator:  Timothy Rogers**
           **Passengers:  None**

5.      State whether or not the tractor trailer you were driving at the time of the subject collision had a GPS device, event data recorder, or any data recorder of any kind, including those installed, produced and/or owned by a third-party – including an insurance company – installed on or in the vehicle you were driving at the time of the subject collision. If yes, please identify the device by make and model and who is in possession of such device.

**ANSWER:  To the best of my knowledge, none.**

6.      State the approximate time you went to sleep on the evening before the date of the collision, and the time you awoke on the day of the collision.

2

ANSWER: To the best of my recollection, I went to bed around 10:00 p.m. and woke up around 6:00 a.m.

7.     Identify, in chronological order, each place to which you traveled on the day of the collision, and, as to each, identify the name and address of each place, your approximate arrival and departure times, and the purpose of each trip.

ANSWER: I traveled to Brewton, Alabama that evening to pick up a trailer. I arrived there at approximately 8:00 p.m. and departed at approximately 9:00 p.m. Prior to that I was at home.

8.     When did you first start driving a motor vehicle, and at what age did you first pass a driver's license exam? In what State was your first driver's license issued to you?

ANSWER: I obtained a driver's license when I was sixteen in the state of Mississippi.

9.     Have you ever taken a driver's education course of any nature? If so, state whether the course was mandated or voluntary, and describe when and where you took such course.

ANSWER: I have a Class A commercial driver's license which I received after completing a training course with the Mississippi Department of Transportation. To the best of my recollection, I obtained this in 2014.

10.     Describe any and all special training you have received and/or education courses you have attended relating to driving tractor trailers?

ANSWER: See response to Interrogatory Number 9.

11.     State your recollection of how the collision referred to in the Plaintiff's Complaint occurred, including what you did in the series of events immediately leading

3

up to the collision, what the driver of each of the vehicles did in the series of events leading up to the collision, what signals or warnings were made or given just prior to and at the time of the collision by any person, and all aspects of the collision in the sequence in which they happened.

ANSWER: I turned out of a gas station onto McCrary Road driving south. The Plaintiff crested a hill heading north after I began my turn and I saw her driving towards me at a high rate of speed. I blew on my horn to alert her. She hit the back of my truck.

13.    Why did Plaintiff's vehicle collide into rear of your tractor trailer?

ANSWER: See response to #12.

14.    Do you agree it was dark at time and location of the subject collision?

ANSWER: Objection. This Interrogatory is vague. The Defendant agrees that the accident occurred after sundown, but the location of the subject accident was lit by lights from the nearby gas station and lights from the vehicles.

15.    State whether there was any lighting or reflective material on your tractor trailer to make it visible or noticeable to other vehicles? Where was any such lighting located?

ANSWER: Yes. Lighting was located on the trailer frame and the running lights were also functioning on the front, side, and back.

16.    Was the lighting on your tractor trailer functioning at the time of the subject collision?

ANSWER: Yes.

17.    Were there any mechanical problems with the truck or trailer before the collision?

4

ANSWER: No.

18.     Have you or anyone else to your knowledge ever reported to anyone at the company any lighting problems associated with this trailer?

ANSWER: To the best of my knowledge, no.

19.     Who was responsible for maintaining and inspecting the truck and trailer before each use?

ANSWER: The driver.

20.     Please identify by name and work performed, all persons and/or entities who/which performed any work on your tractor trailer after of the subject collision.

ANSWER: To the best of my recollection, Ronnie Graham repaired the trailer.

21.     How long is the average time it takes for the truck and an empty log trailer to cross over one lane of travel to enter the roadway in the other lane of travel?

ANSWER: Objection. This Interrogatory is vague and calls for speculation.

22.     Did Plaintiff appear to be travelling at below or above the speed limit when you first noticed her vehicle?

ANSWER: When I first saw the Plaintiff's vehicle, she appeared to be traveling above the speed limit.

23.     How far away was Plaintiff when you first noticed her vehicle?

ANSWER: Objection. This Interrogatory is vague and calls for speculation.

24.     Did Plaintiff appear to be slowing before the collision with your tractor trailer?

ANSWER: I do not recall the Plaintiff slowing her vehicle.

5

25.     Approximately how fast was Plaintiff going when her vehicle impacted the trailer?

**ANSWER:  See response to #22.**

26.     With respect to the collision, which is the subject of the Plaintiff's Complaint, state the approximate speed at which your vehicle was traveling at the time of impact, and any facts on which you base that estimate.

**ANSWER:  I had just turned out of the gas station and was traveling less than 10 mph.**

27.     Describe any and all policies of insurance which you believe covers or may cover you for the allegations set forth in the Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

**ANSWER:  See attached declarations page.**

28.     If you consumed any alcoholic beverages or took any drugs or medications within twenty- four (24) hours prior to the collision made the basis of the Plaintiff's Complaint, state when, where, what, the amount, and with whom you consumed such alcoholic beverages and/or drugs or medications, and/or who prescribed any drugs or medications.

**ANSWER:  None.**

29.     State the name, residence address, telephone number(s), and the substance of the knowledge of each and every person whom you know or suspect to have witnessed the collision made the basis of this lawsuit.

6

**ANSWER:** Other than the Plaintiff, I am unaware of anyone who witnessed this accident.

30.   If you are aware of any statements, written or otherwise, which are in existence in connection with the subject collision, please state the name, address and telephone number of the person making the statement, the date the statement was made, and the name, residence address, and telephone number of the person presently having custody of each such statement.

**ANSWER:   Objection.   This Interrogatory seeks information obtained in anticipation of litigation which violates the work-product doctrine and seeks information which is protected by attorney-client privilege.**

31.   If you are aware of any photographs and/or videos taken either of the crash itself, scene of the collision, the vehicles involved or any injuries, please state when these photographs and/or videos were taken and attach copies of said photographs and/or videos to your answers to these Interrogatories.

**ANSWER:  Please see attached.**

32.   If you have ever been convicted of a felony in the last ten (10) years, state the nature of the felony or felonies, the date or dates of the conviction, and the place or places of the conviction.

**ANSWER:   None.**

33.   If you contend that any actions or activities of the Plaintiff or any other party other than you caused or contributed to the collision made the basis of the Plaintiff's Complaint, state their name(s) and residence address(es), what each such person did or failed to do, the manner in which they contributed or caused the collision, identify all

persons by name and address who have knowledge of any facts supporting this contention and attach to your answers to these Interrogatories any and all letters, memoranda, notes, correspondence, and any and all other tangible evidence supporting your contention.

**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome, calls for a legal conclusion, seeks information obtained in anticipation of litigation, which is protected by the work-product doctrine, seeks the mental impression of counsel, and seeks information protected by attorney-client privilege, and is premature as discovery is in its infancy.

34.    Describe in detail your complete employment history for the past ten (10) years, including name, address, and telephone number of each employer and your job description, and your reasons for leaving each such employment.

**ANSWER:**  Objection.  This Interrogatory is overly broad and unduly burdensome.  Notwithstanding said objection and without waiving same, I have primarily worked in the trucking industry as an adult. From 2016 to 2018 I worked at OJT Trucking. From 2015 to 2018 I also worked for Quick Shot Trucking in Hattiesburg, Mississippi. In 2014 and 2015 I also worked for the Mississippi Department of Transportation. I am currently employed with Economy Supply in Hattiesburg, Mississippi.

35.    State whether you have been involved in a motor vehicle collision prior to or since the subject crash.  If so, give the date, time, location and parties involved in such collision, and whether or not you were the driver of one of the vehicles involved, or whether or not you were convicted of any charge of improper driving arising out of such incident?

**ANSWER:**  Objection.  This Interrogatory is not limited in time or scope. Notwithstanding said objection and without waiving same, I was in a car accident when I was a teenager but was not charged or convicted in relation to it.

36.     State whether or not you were using a cell phone, in any manner, including, but not limited to, looking at the phone, talking on the phone, texting or any other form of social media, at the time of or immediately before the collision. Provide the name, address, account number, and the assigned cellular telephone number for any and all cellular telephones which you owned or had in your possession, in the vehicle at the time of the collision and provide the cellular telephone service provider that you were using at the time of the collision made the basis of the Plaintiff's Complaint.

**ANSWER:  I was not using my phone in any manner.**
**Cell phone no.: (601) 297-4354**
**Carrier:  Cricket**

## REQUESTS FOR PRODUCTION

1.     Produce a true and complete copy of the front and back of your driver's license.

**ANSWER:  See attached.**

2.     Produce true and complete copies of any and all photographs, films, slides, videos, or other graphic depictions you, or anyone acting on your behalf, has of the scene of the collision, any vehicles involved, and/or any injuries received by the persons involved in the collision.

**ANSWER: Objection.  This Request seeks information obtained in anticipation of litigation which violates the work-product doctrine.   Notwithstanding said objection and without waiving same, see attached photos.**

3.     Produce true and complete copies of any and all accident reports, incident reports, investigation reports, or other written documents of any type whatsoever

9

regarding or referring in any way to the subject collision, and which were not specifically prepared in anticipation of litigation.

**ANSWER:  See attached police report.**

4.    Produce copies of any and all bills, invoices, estimates or any other document regarding any work performed on subject tractor trailer after the subject collision.

**ANSWER:  The Defendant is not in possession of any documents responsive to this Request.**

5.    Produce true and complete copies of any and all policies of insurance which you contend or believe cover or may cover you for the allegations set forth in regard to the subject collision.

**ANSWER:  See attached declarations page.**

6.    Attach a copy of the cellular telephone bill(s) and/or record of calls, texts, etc. made and/or received by you for the 24-hour period immediately preceding the collision on the date of the subject collision through 12 hours after the collision for any and all cellular telephone complains with which you had cellular telephone service and/or for any cellular telephone in your possession at the time of the collision made the basis of the Plaintiff's Complaint.

**ANSWER:  Defendant is not in possession of documents responsive to this request.**

7.    Do NOT destroy sell, transfer or dispose of any cellular phone you owned at the time of the collision. The phone(s) are evidence. Destruction or alteration of evidence may lead to sanctions. Please produce any cell phone you owned or were in

possession of at the time of the crash.  We will agree to arrange a mutually convenient time for inspection of the phone if it is your primary phone.

   **ANSWER:**  Defendant is no longer in possession of said cellular phone.

   Respectfully submitted,

   /s/ Kenneth A. Hitson, Jr.
   KENNETH A. HITSON, JR. (HIT002)
   *Attorney for Defendant*

OF COUNSEL
Holtsford Gilliland Higgins
   Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
(251) 447-0234
khitson@hglawpc.com

STATE OF _Mississippi_

COUNTY OF _Forrest_

### AS TO INTERROGATORIES ONLY

_____
TIMOTHY GREG ROGERS

I, the undersigned Notary of Public in and for the said County in said State, hereby certify that TIMOTHY GREG ROGERS, whose name is signed to the foregoing instrument and who is known to me or has provided proper identification, acknowledged before me on this day that, being informed of the contents of said instrument, he executed the same voluntarily on the day that the same bears date.

Given under my hand and official, notarial seal this the 3rd day of _June_, 2019.

[SEAL]

STATE OF MISSISSIPPI
PAULA A HARRISON
NOTARY PUBLIC
ID No. 112593
Commission Expires
June 2, 2023
FORREST COUNTY

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: June 2, 2023

## CERTIFICATE OF SERVICE

I hereby certify that I have this 5th day of June, 2019, Electronically filed the foregoing, using the Alafile system, which will send notification of the filing to the following:

Eaton G. Barnard
Citrin Law Firm, PC
1904 Dauphin Island Parkway
Mobile, Alabama 36605

Amanda Roy
Smith, Spires, Peddy, Hamilton & Coleman, P.C.
2015 Second Avenue North, Suite 200
Birmingham, Alabama 35203

/s/ Kenneth A. Hitson, Jr.
OF COUNSEL

**Amanda Downing**

| | |
|---|---|
| **From:** | Amanda Downing <adowning81414@gmail.com> |
| **Sent:** | Wednesday, June 5, 2019 11:29 AM |
| **To:** | Amanda Downing |





Sent from my iPhone









11/28/2018    11:43 p                                    Page: 4

AST-27
REV. 6608

# ALABAMA UNIFORM TRAFFIC CRASH REPORT

| Check if Amendment | | # Vehicles 2 | # Pedestrians 0 | # Injured 0 | # Fatalities 0 | Unit 1 Type 5 | Unit 2 Type 1 | DPS Case No. 8602923 |
| Check & Send Correction | | | | | | | | Local Case No. SEMMES |

Sheet __

## LOCATION AND TIME

| Date | 01 Month | 03 Day | 2018 Year | Time 10:45 PM | Day of Week Wed | County Mobile | City | Rural ✓ | Local Zone N/A |
| Hwy Class 4 | On Street, Road, Highway McCRARY RD | | At Intersection of or Between (Node 1) AGEE RD | | | And (Node 2) SPICE POND RD EXT | | | | Rural Mobile |
| (On) Street 1597 | Road/Hwy <— Node 8851 | 1  2 Node Code 8810 | | Feet From Node 1 | |
| Mile Post N/A | Control Access Hwy Loc 97 | Primary Contrib Circums 37 | First Harmful Event 22 | First Harmful Event Location | Most Harmful Event 22 | 238.00 Feet |
| Distance to Fixed Object feet | Roadway Junction Feature 1 | Manner of Crash 1 | Lat Coordinate 30° 49' 5.918" N | Long Coordinate 88° 15' 34.202" W | Coordinate Type 1 | Hwy Side |
| School Bus Related 1 | Crash Severity O | Distracted Driving 97 | | | | |

### UNIT NO 1

| LEFT SCENE | ✓ |
| COM VEH | ✓ |
| VEHICLE or NON-MOTORIST | ✓ |

| Driver Full Name TIMOTHY GREG ROGERS | Street Address 192 POP RUNNELS RD | City and State PETAL MS | ZIP 39465 | Telephone (601) 297-4354 |
| DOB 05 Month | 15 Day | 1982 Year | Race 1 | Sex 1 | DL State MS | Driver License No 801488677 | DL Class A | DL Status C | Restrict Violations 97 | CDL Status | Endorse Violations 97 |
| Place of Employment DJT TRUCKKING LLC  RICHTON, MS | | | | Residence Less Than 25 Miles No |
| Liability Insurance Co. PROGRESSIVE GULF INS CO | Liability Policy No. 061719250 | Insurance NAIC Number |
| Driver Condition 1 | Sobriety/Officer Opinion 1 | Alcohol Drugs No No | Type Alcohol Test Given 6 | Alcohol Test Results N/A | Type Drug Test Given 4 | Drug Test Results 97 | Maneuver 7 |
| Most Harmful Event for MV 22 | Travel Road Name McCRARY RD | Road Code 1597 | Travel Direction 3 | Unit Contributing Circumstance 97 | Total Vehicles 1 |
| Sequence of Events | Event 1 19 | Event 2 22 | Event 3 97 | Event 4 97 | First Harmful Event 1 | First Harmful Event Location 1 | Areas Damaged Are Shaded |
| Veh Year 1994 | Make PTRB | Veh Model 379 | Body 97 | V.I.N. 1XP5DB9X2RD338557 | 14 Under Carriage |
| Owner's Name DJT LLC | License Tag Number F806911 | State MS | Year 2018 | |
| Street or R.F.D. 204 A HICKORY GROVE CHURCH RD | City RICHTON | State MS | Zip 39476 | |
| Type 11 | Usage 6 | Emergency Status 97 | Placard Status 3 | Placard Required 97 | Hazardous Cargo 97 | Hazardous Cargo Released? 97 | |
| Attachment 3 | Oversize Load N/A | If Yes, Did Owner Have Permit? N/A | Contrib Defect | Speed Limit 45 MPH | Est Speed 5 MPH | Citation Offense(s) Charged None | 16 Totaled |
| Damage Severity 4 | Towed? 3 | Vehicle Towed By Whom 97 | | | Point of Initial Impact 15 |
| Towed To Where 97 | | | | Attachment |

### UNIT NO 2

| LEFT SCENE | |
| COM VEH | |
| VEHICLE or NON-MOTORIST | |

| Driver Full Name DEBRA OWENS FOWLER | Street Address 9661G CLEBORNE RD | City and State CHUNCHULA AL | ZIP 36521 | Telephone (251) 645-5576 |
| DOB 03 Month | 11 Day | 1959 Year | Race 1 | Sex 2 | DL State AL | Driver License No 4248110 | DL Class DM | DL Status C | Restrict Violations 97 | CDL Status | Endorse Violations 97 |
| Place of Employment Unemployed | | | | Residence Less Than 25 Miles Yes |
| Liability Insurance Co. Dairyland Auto | Liability Policy No. 614599540 | Insurance NAIC Number |
| Driver Condition 1 | Sobriety/Officer Opinion 1 | Alcohol Drugs No No | Type Alcohol Test Given 6 | Alcohol Test Results N/A | Type Drug Test Given 4 | Drug Test Results 97 | Maneuver 1 |
| Most Harmful Event for MV 22 | Travel Road Name McCRARY RD | Road Code 1597 | Travel Direction 1 | Unit Contributing Circumstance 97 | Total Vehicles 1 |
| Sequence of Events | Event 1 6 | Event 2 22 | Event 3 97 | Event 4 97 | First Harmful Event 1 | First Harmful Event Location 1 | Areas Damaged Are Shaded |
| Veh Year 2004 | Make CHEV | Veh Model 1500 SLVR 4X2 4.8 L | Body 97 | V.I.N. 1GCEC14V34Z235826 | 14 Under Carriage |
| Owner's Name Same | License Tag Number 2BP3680 | State AL | Year 2018 | |
| Street or R.F.D. Same | City | State | Zip | |
| Type 3 | Usage 1 | Emergency Status 97 | Placard Status 3 | Placard Required 97 | Hazardous Cargo 97 | Hazardous Cargo Released? 97 | |
| Attachment 1 | Oversized Load N/A | If Yes, Did Owner Have Permit? N/A | Contrib Defect 1 | Speed Limit 45 MPH | Est Speed 43 MPH | Citation Offense(s) Charged None | 16 Totaled |
| Damage Severity 4 | Towed? 1 | Vehicle Towed By Whom B&B (ROT) | | | Point of Initial Impact 12 |
| Towed To Where B&B (LOCAL) | | | | Attachment |

Received Date: 11/28/2018

## Seating Position Codes

| 2, 4, or 5 Passenger | | | 5 Passenger (bed) | | | 12 Passenger (van) | | | Bicycle, Motorcycle, ATV | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 7 | 8 | 9 | 17 | 18 | 19 | 10 | | |
| 4 | 5 | 6 | | | | | | | 11 | | |

12 - Pedestrian
13 - Rider of Domestic Animal
14 - Occ. of Non-Motorized Vehicle
15 - Passenger of Bus

16 - Not In Passenger Compartment
97 - NA Applicable
98 - Other (Explain)
99 - Unknown

## UNINJURED OCCUPANTS

| Unit No. | Seat Pos. | Occ. Type | Safety Equip. | Air-bag | Age Code | Sex | Ejec-tion | Birth Date | | Unit No. | Seat Pos. | Occ. Type | Safety Equip. | Air-bag | Age Code | Sex | Ejec-tion | Birth Date | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | 2 | 1 | 8 | 1 | 1 | 05/15/1982 | | 2 | 1 | 1 | 2 | 5 | 8 | 2 | 1 | 03/11/1959 | |

## DIAGRAM



MCCRARY RD

V1

V2

V2

FINAL REST

POI

24 ft

NOT TO SCALE

## NARRATIVE

V1, AN EMPTY LOG TRUCK, WAS ENTERING SOUTH BOUND MCCRARY ROAD FROM A GAS STATION PARKING LOT. V2 WAS TRAVELING NORTH ON MCCRARY RD BUT THE DRIVER COULD NOT SEE THE TRAILER AS IT WAS PARTIALLY IN THE NORTH BOUND LANE AS SHE APPROACHED. V2 DRIVER DID NOT REACT IN TIME TO AVOID THE TRAILER AND MADE CONTACT WITH THE TRAILER'S REAR DRIVER SIDE TIRE. V2 WAS THEN PUSHED BACKWARD, PARTIALLY OFF THE ROAD

V1 DRIVER STATED HE COULD SEE V2 APPROACHING FROM A DISTANCE AND THAT HE WAS IN LOW GEAR WHEN SHE MADE CONTACT WITH HIM.

V2 DRIVER STATED SHE SAW THE TRUCK ENTER THE ROAD BUT SHE COULD NOT SEE THE TRAILER BECAUSE IT DID NOT HAVE ANY LIGHTS ON IT

V1 WAS ABLE TO PULL BACK INTO THE GAS STATION PARKING LOT AND UNHOOK FROM THE TRAILER SO IT COULD BE REPAIRED AND A LATER DATE. V1 DRIVER WAS ABLE TO DRIVE THE TRACTOR FROM THE SCENE.

## ROADWAY ENVIRONMENT

| Unit No. | 1 | Involved Road/ Bridge | 1 | Road Surface Type | 1 | Roadway Condition | 1 | Workzone Related? | 1 | Workzone Type | 97 | Workers Present? | NotApplicable | Workzone Law Enforcement Present? | | 97 | Contributing Circumstances Environment | 1 | Contrib Mat In Roadway | 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Contrib Material Source | 97 | Rdway Curve & Grade | 1 | Vision Obscured By | 1 | Traffic Control | 10 | Traffic Control Functioning | 97 | Opposing Lane Separation | 5 | Trafficway Lanes | 2 | Turn Lanes | 1 | One-Way Street | No | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Total Number of Units | 2 | | Light | 4 | | Weather | | | Locale | 3 | | Police Present? | No | | DOT Railroad Crossing No. | N/A |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Unit No. | 2 | Involved Road/ Bridge | 1 | Road Surface Type | 1 | Roadway Condition | 1 | Workzone Related? | 1 | Workzone Type | 97 | Workers Present? | NotApplicable | Workzone Law Enforcement Present? | | 97 | Contributing Circumstances Environment | 1 | Contrib Mat In Roadway | 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Contrib Material Source | 97 | Rdway Curve & Grade | 1 | Vision Obscured By | 1 | Traffic Control | 10 | Traffic Control Functioning | 97 | Opposing Lane Separation | 5 | Trafficway Lanes | 2 | Turn Lanes | 1 | One-Way Street | No | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Total Number of Units | 2 | | Light | 4 | | Weather | 1 | | Locale | 3 | | Police Present? | No | | DOT Railroad Crossing No. | N/A |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

## INVESTIGATION

| Name of Photographer | ADAM C THOMAS | | |
|---|---|---|---|
| Time Police Notified 10:51 PM | Time Police Arrived 11:07 PM | Time EMS Arrived N/A | EMS Response Run # N/A |
| Name of Investigating Officer ADAM C THOMAS | | Officer ID 1398 | Agency ORI AL DPS02A0 |
| Name of Investigating Officer | | Officer ID | Agency ORI |

The data on this report reflects the best knowledge, opinion, and belief regarding the crash, but no warrant is made as to the factual accuracy thereof.

11/28/2018    11:43 p                                          Page: 7

Unit No.    1                    ALABAMA UNIFORM TRAFFIC CRASH REPORT                    AST-478 Rev 05/04
(same as on main report)              Truck/Bus Supplemental Sheet

## General Instructions

*Complete this form each qualifying vehicle ONLY if the crash meets  BOTH of the following criteria:*

1. The crash involved a qualifying vehicle (a truck with a gross vehicle weight rating (GVWR) or a gross combination weight rating (GCWR) of more than 10,000 pounds, or Haz/Mat placard, or a vehicle designed to carry nine 9 or more, including driver) and;

2. The crash resulted in at least one of the following:  A.  one or more fatalities   B.  one or more persons injured and taken from the scene for immediate medical attention, or  C.  one or more involved vehicles had to be towed from the scene as a result of disabling damage or had to receive assistance to leave.

## Screening Information

*Number of Qualifying Vehicles:*                              *Number of Persons:*

Trucks with GVWR or GCWR of more than              Sustaining fatal injuries      0

10,000 pounds or Haz/Mat placard      1

Buses designed to carry 9 or more (including driver)    0     Transported for  *immediate* medical treatment    0

Number of vehicles towed from scene due to damage      1

## Vehicle Information

*Weight Rating of Power Unit of the Truck*          *Hazardous Material Involvement*

Did vehicle have a Haz/Mat placard? ☐

3. - More than 26,000 pounds               If Yes, include following information from placard

A.  Name or 4-digit number from Diamond or box

B.  The 1-digit number from bottom of diamond

Was hazardous material released from THIS vehicle's cargo? ☐

*Vehicle Configuration*                             | *Bus Usage*
9. - Tractor with semi-trailer                       | 1 - Not a bus

*Cargo Body Type*                                   | *Cargo Type*
12 - Log                                            | 1. - None

## Motor Carrier Information

NOTE: If NOT a motor carrier, enter NONE under Carrier Name, 0 for None under Carrier Identification Numbers, and go to Sequence Of Events Section

Carrier Name  DJT LLC

Carrier Phone

Carrier Mailing Address (Street or P.O. Box)  204 A HICKORY GROVE CHURCH RD

City, State, Zip  RICHTON , MS 39476

None = 0)

Motor Carrier Type   1. - Interstate carrier

US DOT  2725799              ICC MC   N/A                      STATE NO.   N/A

STATE                OTHER COUNTRY AUTHORITY                   COUNTRY   N/A

## Sequence of Events

NOTE: for THIS vehicle – list up to four   Event #1   10   Event #2   13   Event #3   97   Event #4   97

EVENT CODES

Non-Collision:
1. Ran off road     2. Jackknife     3. Overturned (rollover)   4. Downhill runaway
5. Cargo loss or shift   6. Explosion or fire   7. Separation of units   8. Cross median/centerline
9. Equipment Failure (brake failure, blown tires, etc.)   10. Other non-collision   11. Unknown

Collision with:
12. Pedestrian   13. Motor Vehicle in Transport   14. Parked Motor Vehicle   15. Train
16. Pedalcycle   17. Animal   18. Fixed object   19. Work Zone Maintenance equipment
20. Other movable object                              21. Unknown movable object

Not applicable   97. Not applicable

Received Date: 11/28/2018

11/28/2018    11:43 p                                    Page. 8

## Definitions

### Truck

A motor vehicle designed, used or maintained primarily for the transportation of property. For the purpose of this form the vehicle must also meet one of the following criteria:
* Have a GVWR or a GCWR of more than 10,000 pounds, or
* Carry a Hazardous Material Placard

### Bus

A motor vehicle providing seats for 9 or more persons including the driver and used primarily for the transportation of persons.

### Trailer

A non-power vehicle towed by a motor vehicle.

### Reportable Crash

A highway related incident normally investigated by a police officer and reported on a standard crash report form involving one or more trucks or buses (as defined here) which results in:
* One or more fatalities, or
* One or more non-fatal injuries requiring transportation for the purpose of obtaining immediate medical treatment, or
* One or more of the vehicles being removed from the scene as a result of disabling damage, or
* One or more of the vehicles requiring intervening assistance before proceding under its own power.

## Typical Vehicle Silhouettes



1. Passenger Vehicle

2. Light truck (van, mini-van, panel, pickup, sport utility vehicle)

3. Bus (seats for 9-15 people, including driver)

4. Bus (seats for more than 15 people, including driver)

5. Single unit truck - 2 axles / 6 tires

6. Single unit truck - 3 axles

7. Truck with trailer

8. Truck tractor (bobtail)

9.

10. Tractor with double trailers

11. Tractor with triple trailers

## Typical Hazardous Material Placards



Received Date: 11/28/2018

11/28/2018    11:43 p                                    Page: 9

## LEGEND

| Location | Category | Code | Description | Location | Category | Code | Description |
|---|---|---|---|---|---|---|---|
| Report Header | Unit Type | 11 | Tractor / semi-trailer | Driver | Phone Number Code | 0 | Not Set |
| Report Header | Unit Type | 3 | Pick-up | Driver | Place of Employment | | Not Set |
| Location And Time | Contributing Circumstance | 37 | Failed to yield right-of-way from driveway | Driver | Place of Employment | Unemployed | Unemployed |
| Location And Time | Contributing Unit | 10 | Unit 1 | Driver | Race | 1 | White / Caucasian |
| Location And Time | Controlled Access Highway Location | 97 | Not a controlled access highway | Driver | Residence Within 25 Miles | No | No |
| Location And Time | Coordinate Status | Known | Known | Driver | Residence Within 25 Miles | Yes | Yes |
| Location And Time | Coordinate Type | 1 | From computerized map | Driver | Travel Direction | 1 | North |
| Location And Time | Crash Manner | 6 | Angle (front to side), opposite direction | Driver | Travel Direction | 3 | South |
| Location And Time | Crash Severity | O | Property damage only | Vehicle | Attachment | 1 | None |
| Location And Time | Distance Node Unit | 10 | Feet | Vehicle | Attachment | 5 | Log trailer |
| Location And Time | Distracted Driving | 97 | Not applicable (not distracted) | Vehicle | Body | 97 | Not applicable - not passenger car, passenger van, or SUV |
| Location And Time | Harmful Event | 22 | Collision with vehicle in traffic | Vehicle | Citation Offense | 99 | None |
| Location And Time | Highway Classification | 4 | County | Vehicle | Damage Severity | 4 | Major, disabled |
| Location And Time | Highway Side | 1 | Northbound | Vehicle | Defect | 1 | None |
| Location And Time | Roadway Feature | 1 | No special feature | Vehicle | Emergency Status | 97 | Not applicable |
| Location And Time | School Bus Related | 1 | No school bus involved | Vehicle | Estimated Speed Code | | Not set |
| Location And Time | Time Display Format | 10 | Standard | Vehicle | Hazardous Cargo | 97 | Not applicable |
| Driver | Alcohol Test Type | 6 | No Test Given | Vehicle | Hazardous Cargo Release Type | 97 | Not applicable |
| Driver | Commercial Driver License Status | 07 | Not applicable / unlicensed | Vehicle | K12 Child Going To Or From School | 0 | Not Set |
| Driver | Commercial Driver License Status | C | Current / valid | Vehicle | Make | CHEV | Chevrolet |
| Driver | Contributing Circumstance | 37 | Failed to yield right-of-way from driveway | Vehicle | Make | PTRB | Peterbilt Motor Co |
| Driver | Contributing Circumstance | 97 | Not applicable | Vehicle | Non-Motorist Action | 0 | Not Set |
| Driver | Driver Address Code | | Not Set | Vehicle | Non-Motorist Location | 0 | Not Set |
| Driver | Driver Condition | 1 | Apparently normal | Vehicle | Oversized Load | N/A | Not Applicable |
| Driver | Driver License Class Code | 0 | Not set | Vehicle | Oversized Load Permit | N/A | Not Applicable |
| Driver | Driver License Endorsement | 37 | Not applicable | Vehicle | Owner Address Code | 0 | Not Set |
| Driver | Driver License Number | 0 | Not set | Vehicle | Owner Address Code | Same | Same |
| Driver | Driver License Restriction | 97 | Not applicable | Vehicle | Owner Name Code | | Not Set |
| Driver | Driver License State Code | 0 | Not set | Vehicle | Owner Name Code | Same | Same as driver |
| Driver | Driver License Status | C | Current / valid | Vehicle | Placard Requirement | 97 | Not applicable |
| Driver | Driver Name Code | 0 | Not Set | Vehicle | Placard Status | 3 | Not applicable (placard not required) |
| Driver | Drug Test Result | 97 | Not applicable | Vehicle | Tag Number | | Not set |
| Driver | Drug Test Type | 4 | No test given | Vehicle | Tag State | 0 | Not set |
| Driver | Gender | 1 | Male | Vehicle | Tag Year | 0 | Not set |
| Driver | Gender | 2 | Female | Vehicle | Tow Status | 0 | Towed due to disabling damage |
| Driver | Harmful Event | 22 | Collision with vehicle in traffic | Vehicle | Tow Status | 3 | No, tow ed |
| Driver | Liability Ins. Policy Code | 0 | Not Set | Vehicle | Towed Code | 0 | Not Set |
| Driver | Liability Insurance NAIC Number Code | | Not Set | Vehicle | Towed Code | 07 | Not applicable |
| Driver | Maneuver | 1 | Movement essentially straight | Vehicle | Unit Type | 11 | Tractor / semi-trailer |
| Driver | Maneuver | 7 | Entering main road | Vehicle | Unit Type | 3 | Pick-up |

Received Date: 11/28/2018

11/28/2018    11 43 p                                        Page: 10

## LEGEND

| Location | Category | Code | Description | Location | Category | Code | Description |
|---|---|---|---|---|---|---|---|
| Vehicle | Usage | 1 | Personal vehicle | Truck/Bus Supplement | Motor Carrier Type | 1 | Intrastate carrier |
| Vehicle | Usage | 6 | Cargo transportation | Truck/Bus Supplement | State Number Code | N/A | Not applicable |
| Vehicle | VIN | 0 | Not set | Truck/Bus Supplement | USDOT Number Code | 0 | Not Set |
| Vehicle | Year | | Not set | Truck/Bus Supplement | Vehicle Configuration | 9 | Tractor with semi-trailer |
| Uninjured Occupants | Age Code | 8 | 26 - 64 | Truck/Bus Supplement | Weight Rating | 3 | More than 26,000 pounds |
| Uninjured Occupants | Airbag | 1 | Not installed | | | | |
| Uninjured Occupants | Airbag | 5 | Deployed front, no switch | | | | |
| Uninjured Occupants | Birth Date Code | 0 | Not Set | | | | |
| Uninjured Occupants | Ejection Status | 1 | Not ejected or trapped | | | | |
| Uninjured Occupants | Gender | 1 | Male | | | | |
| Uninjured Occupants | Gender | 2 | Female | | | | |
| Uninjured Occupants | Occupant Type | 1 | Driver | | | | |
| Uninjured Occupants | Safety Equipment | 2 | Shoulder and lap belt used | | | | |
| Roadway Environment | Environmental Contributing Circumstance | 1 | None apparent | | | | |
| Roadway Environment | Light Condition | 4 | Dark, roadway not lighted | | | | |
| Roadway Environment | Locale | 3 | Shopping or business | | | | |
| Roadway Environment | Opposing Lane Separation | 5 | Solid painted lines | | | | |
| Roadway Environment | Road Bridge Condition | 1 | None apparent | | | | |
| Roadway Environment | Road Surface Type | 1 | Asphalt | | | | |
| Roadway Environment | Roadway Condition | 1 | Dry | | | | |
| Roadway Environment | Roadway Curvature And Grade | 1 | Straight level | | | | |
| Roadway Environment | Roadway Material | 1 | None | | | | |
| Roadway Environment | Roadway Material Source | 97 | Not applicable | | | | |
| Roadway Environment | Traffic Control | 10 | No passing zone | | | | |
| Roadway Environment | Traffic Control Status | 97 | Not applicable | | | | |
| Roadway Environment | Trafficway Lane Count | 2 | Two lanes | | | | |
| Roadway Environment | Turn Lane Presence | 1 | None | | | | |
| Roadway Environment | Vision Obscuration | 1 | Not obscured | | | | |
| Roadway Environment | Weather Condition | 1 | Clear | | | | |
| Roadway Environment | Workzone Law Enforcement Presence | 97 | Not applicable | | | | |
| Roadway Environment | Workzone Relationship | 1 | Not in / related to workzone | | | | |
| Roadway Environment | Workzone Type | 97 | Not applicable | | | | |
| Truck/Bus Supplement | Bus Usage | 1 | Not a bus | | | | |
| Truck/Bus Supplement | Cargo Body Type | 12 | Log | | | | |
| Truck/Bus Supplement | Cargo Type | 1 | None | | | | |
| Truck/Bus Supplement | Carrier Address Code | 0 | Not Set | | | | |
| Truck/Bus Supplement | Carrier Name Code | 0 | Not Set | | | | |
| Truck/Bus Supplement | Carrier Phone Code | 0 | Not Set | | | | |
| Truck/Bus Supplement | Country Number Code | N/A | Not applicable | | | | |
| Truck/Bus Supplement | ICCMC Number Code | N/A | Not applicable | | | | |

A1738 B DEARMAN ALFA
314 D MAIN ST
LEAKESVILLE, MS 39451

*PROGRESSIVE*
COMMERCIAL

Named insured

DEBORAH GRAHAM
97A ANN HINTON ROAD
BEAUMONT, MS 39423

**Policy number:** 06171925-0
Underwritten by:
Progressive Gulf Insurance Company
December 12, 2017
Policy Period: May 16, 2017 - May 16, 2018
Page 1 of 3

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, print policy documents, or check the status of a claim.

## Commercial Auto Insurance Coverage Summary
### This is your Declarations Page
### Your coverage has changed

**1-601-394-5000**
**A1738 B DEARMAN ALFA**
Contact your agent for personalized service.

**1-800-444-4487**
For customer service if your agent is unavailable or to report a claim.

Your coverage began the later of May 16, 2017 at 12:01 a.m. or at the time your application is executed on the first day of the policy period. This policy period ends on May 16, 2018 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for an auto may not be combined with the limits for the same coverage on another auto, unless the policy contract allows the stacking of limits. The policy contract is form 6912 (06/10), the contract is modified by forms 2852MS (09/06), 1198 (01/04), 4852MS (05/05), 4881MS (03/12) and Z228 (01/11).

The named insured organization type is a sole proprietorship.

## Policy changes effective December 11, 2017

| | |
|---|---|
| Premium change: | -$4,553.00 |
| Changes: | Coverage has been changed on your policy. |
| | The auto coverage schedule has changed. |

The changes shown above will not be effective prior to the time the changes were requested.

## Outline of coverage

| Description | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $17,095 |
| Bodily Injury and Property Damage Liability | $1,000,000 combined single limit | | |
| Uninsured/Underinsured Motorist | $100,000 combined single limit | | 314 |
| Uninsured Motorist Property Damage | $25,000 each accident | $200 | 348 |
| Comprehensive | | | 715 |
| See Auto Coverage Schedule | Limit of liability less deductible | | |
| Collision | | | 1,585 |
| See Auto Coverage Schedule | Limit of liability less deductible | | |
| **Subtotal policy premium** | | | **$20,057** |
| Fees | | | 40 |
| **Total 12 month policy premium and fees** | | | **$20,097** |


Continued

### Rated drivers

1. DEBORAH GRAHAM
2. BILLY STEPHENS
3. RONALD GRAHAM

## Auto coverage schedule

**1.  2003 Frht Col**
VIN:  1FUJA6CG23PK22590

Stated Amount:    *$12,000 (including Permanently Attached Equip)
Garaging Zip Code: 39423          Radius: 200

| | Liability | UM/UIM BI | UM PD |
|---|---|---|---|
| **Liability Premium** | $8,270 | $157 | $174 |

| | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | |
|---|---|---|---|---|---|
| **Physical Damage Premium** | $1,000 | $410 | $1,000 | $853 | Auto Total **$9,864** |

**2.  1994 Ptrb 379**
VIN:  1XP5DB9X2RD338557

Stated Amount:    *$10,000 (including Permanently Attached Equip)
Garaging Zip Code: 39423          Radius: 200

| | Liability | UM/UIM BI | UM PD |
|---|---|---|---|
| **Liability Premium** | $8,077 | $157 | $174 |

| | Comp Deductible | Comp Premium | Collision Deductible | Collision Premium | |
|---|---|---|---|---|---|
| **Physical Damage Premium** | $1,000 | $305 | $1,000 | $732 | Auto Total **$9,445** |

**3.  2030 NON Owned Attached Trlr ***
VIN:  NONE

Garaging Zip Code: 39423          Radius: 200

| | Liability | |
|---|---|---|
| **Liability Premium** | $374 | Auto Total **$374** |

**4.  2030 NON Owned Attached Trlr ***
VIN:  NONE

Garaging Zip Code: 39423          Radius: 200

| | Liability | |
|---|---|---|
| **Liability Premium** | $374 | Auto Total **$374** |

*A vehicle's stated amount should indicate its current retail value, including any special or permanently attached equipment. In the event of a total loss, the maximum amount payable is the lesser of the Stated Amount or Actual Cash Value, less deductible. Be sure to check stated amount at every renewal in order to receive the best value from your Progressive Commercial Auto policy.

**Non Owned trailer but only while attached to a listed power unit specifically described on the declarations page.

## Premium discount

| Policy | |
|---|---|
| 0617192.5 0 | CDL Experience |


Continued

Policy number: _____
D-603A-13A-AV
Page 2  of 3

## Additional Insured information

| | | |
|---|---|---|
| 1. | Additional Insured | RICHTON TIE & TMB<br>212 MCINNIS ST PETAL, MS 39465 |
| 2 | Additional Insured | CLARK -ARMS<br>277 HICKORY GRO RICHTON, MS 39476 |

## Agent countersignature

DOCUMENT 46

ELECTRONICALLY FILED
2/4/2019 4:53 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| DEBRA FOWLER, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil Action No.: CV-2019-900202 |
| | * | |
| DJT TRUCKING, LLC; TIMOTHY G. ROGERS; | * | PLAINTIFF REQUESTS TRIAL BY JURY |
| DAIRYLAND INSURANCE COMPANY; | * | |
| Fictitious parties A, B & C, being those | * | |
| persons, entities or corporations | * | |
| responsible for the acts complained of | * | |
| herein whose identities are not known | * | |
| at this time, | * | |
| | * | |
| **Defendants.** | * | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
### REQUEST FOR PRODUCTION TO DEFENDANT TIMOTHY G. ROGERS

Comes now the Plaintiff DEBRA FOWLER and propounds the following First Interrogatories and Requests for Production to the Defendant TIMOTHY G. ROGERS ("ROGERS") to be answered and responded to fully and completely within the time frame required by law:

### INTERROGATORIES

1.    State your full name, residence address, date of birth, and Social Security Number.

**ANSWER:**

2.    Please state the name and address of your employer at the time of the subject crash.

**ANSWER:**

3.    Please state whether or not you were working at the time of the subject crash.

**ANSWER:**

4.      With respect to the motor vehicle occupied by you at the time of the collision made the basis of Plaintiff's Complaint, identify its owner by name and address, its operator by name and address, and each of its occupants by name, address, seating position, and relationship or connection with you.

**ANSWER:**


5.      State whether or not the tractor trailer you were driving at the time of the subject collision had a GPS device, event data recorder, or any data recorder of any kind, including those installed, produced and/or owned by a third-party – including an insurance company – installed on or in the vehicle you were driving at the time of the subject collision. If yes, please identify the device by make and model and who is in possession of such device.

**ANSWER:**


6.      State the approximate time you went to sleep on the evening before the date of the collision, and the time you awoke on the day of the collision.

**ANSWER:**


7.      Identify, in chronological order, each place to which you traveled on the day of the collision, and, as to each, identify the name and address of each place, your approximate arrival and departure times, and the purpose of each trip.

**ANSWER:**

DOCUMENT 16

8.      When did you first start driving a motor vehicle, and at what age did you first pass a driver's license exam? In what State was your first driver's license issued to you?

**ANSWER:**

9.      Have you ever taken a driver's education course of any nature? If so, state whether the course was mandated or voluntary, and describe when and where you took such course.

**ANSWER:**

10.     Describe any and all special training you have received and/or education courses you have attended relating to driving tractor trailers?

**ANSWER:**

11.     State your recollection of how the collision referred to in the Plaintiff's Complaint occurred, including what you did in the series of events immediately leading up to the collision, what the driver of each of the vehicles did in the series of events leading up to the collision, what signals or warnings were made or given just prior to and at the time of the collision by any person, and all aspects of the collision in the sequence in which they happened.

12.

**ANSWER:**

13.     Why did Plaintiff's vehicle collide into rear of your tractor trailer?

**ANSWER:**

3

14.     Do you agree it was dark at time and location of the subject collision?

**ANSWER:**


15.     State whether there was any lighting or reflective material on your tractor trailer to make it visible or noticeable to other vehicles? Where was any such lighting located?

**ANSWER:**


16.     Was the lighting on your tractor trailer functioning at the time of the subject collision?

**ANSWER:**


17.     Were there any mechanical problems with the truck or trailer before the collision?

**ANSWER:**


18.     Have you or anyone else to your knowledge ever reported to anyone at the company any lighting problems associated with this trailer?

**ANSWER:**


19.     Who was responsible for maintaining and inspecting the truck and trailer before each use?

**ANSWER:**


20.     Please identify by name and work performed, all persons and/or entities who/which

4

performed any work on your tractor trailer after of the subject collision.

**ANSWER:**

21.    How long is the average time it takes for the truck and an empty log trailer to cross over one lane of travel to enter the roadway in the other lane of travel?

**ANSWER:**

22.    Did Plaintiff appear to be travelling at below or above the speed limit when you first noticed her vehicle?

**ANSWER:**

23.    How far away was Plaintiff when you first noticed her vehicle?

**ANSWER:**

24.    Did Plaintiff appear to be slowing before the collision with your tractor trailer?

**ANSWER:**

25.    Approximately how fast was Plaintiff going when her vehicle impacted the trailer?

**ANSWER:**

26.    With respect to the collision, which is the subject of the Plaintiff's Complaint, state the approximate speed at which your vehicle was traveling at the time of impact, and any facts on

DOCUMENT 76

which you base that estimate.

**ANSWER:**


27.      Describe any and all policies of insurance which you believe covers or may cover you for

the allegations set forth in the Plaintiff's Complaint, detailing as to such policies the name of the

insurer, the number of the policy, the effective dates of the policy, the available limits of liability,

and the name and address of the custodian of the policy.

**ANSWER:**


28.      If you consumed any alcoholic beverages or took any drugs or medications within twenty-

four (24) hours prior to the collision made the basis of the Plaintiff's Complaint, state when,

where, what, the amount, and with whom you consumed such alcoholic beverages and/or drugs

or medications, and/or who prescribed any drugs or medications.

**ANSWER:**


29.      State the name, residence address, telephone number(s), and the substance of the

knowledge of each and every person whom you know or suspect to have witnessed the collision

made the basis of this lawsuit.

**ANSWER:**


30.      If you are aware of any statements, written or otherwise, which are in existence in

connection with the subject collision, please state the name, address and telephone number of

DOCUMENT 16

the person making the statement, the date the statement was made, and the name, residence

address, and telephone number of the person presently having custody of each such statement.

**ANSWER:**


31.     If you are aware of any photographs and/or videos taken either of the crash itself, scene

of the collision, the vehicles involved or any injuries, please state when these photographs and/or

videos were taken and attach copies of said photographs and/or videos to your answers to these

Interrogatories.

**ANSWER:**


32.     If you have ever been convicted of a felony in the last ten (10) years, state the nature of

the felony or felonies, the date or dates of the conviction, and the place or places of the

conviction.

**ANSWER:**


33.     If you contend that any actions or activities of the Plaintiff or any other party other than

you caused or contributed to the collision made the basis of the Plaintiff's Complaint, state their

name(s) and residence address(es), what each such person did or failed to do, the manner in

which they contributed or caused the collision, identify all persons by name and address who

have knowledge of any facts supporting this contention and attach to your answers to these

Interrogatories any and all letters, memoranda, notes, correspondence, and any and all other

tangible evidence supporting your contention.

7

**ANSWER:**

34.     Describe in detail your complete employment history for the past ten (10) years, including name, address, and telephone number of each employer and your job description, and your reasons for leaving each such employment.

**ANSWER:**

35.     State whether you have been involved in a motor vehicle collision prior to or since the subject crash.  If so, give the date, time, location and parties involved in such collision, and whether or not you were the driver of one of the vehicles involved, or whether or not you were convicted of any charge of improper driving arising out of such incident?

**ANSWER:**

36.     State whether or not you were using a cell phone, in any manner, including, but not limited to, looking at the phone, talking on the phone, texting or any other form of social media, at the time of or immediately before the collision. Provide the name, address, account number, and the assigned cellular telephone number for any and all cellular telephones which you owned or had in your possession, in the vehicle at the time of the collision and provide the cellular telephone service provider that you were using at the time of the collision made the basis of the Plaintiff's Complaint.

**ANSWER:**

DOCUMENT 16

## REQUESTS FOR PRODUCTION

1.      Produce a true and complete copy of the front and back of your driver's license.

**ANSWER:**


2.      Produce true and complete copies of any and all photographs, films, slides, videos, or other graphic depictions you, or anyone acting on your behalf, has of the scene of the collision, any vehicles involved, and/or any injuries received by the persons involved in the collision.

**ANSWER:**


3.      Produce true and complete copies of any and all accident reports, incident reports, investigation reports, or other written documents of any type whatsoever regarding or referring in any way to the subject collision, and which were not specifically prepared in anticipation of litigation.

**ANSWER:**


4.      Produce copies of any and all bills, invoices, estimates or any other document regarding any work performed on subject tractor trailer after the subject collision.

**ANSWER:**


5.      Produce true and complete copies of any and all policies of insurance which you contend or believe cover or may cover you for the allegations set forth in regard to the subject collision.

**ANSWER:**

9

DOCUMENT 16

6.      Attach a copy of the cellular telephone bill(s) and/or record of calls, texts, etc. made and/or received by you for the 24-hour period immediately preceding the collision on the date of the subject collision through 12 hours after the collision for any and all cellular telephone complains with which you had cellular telephone service and/or for any cellular telephone in your possession at the time of the collision made the basis of the Plaintiff's Complaint.

**ANSWER:**


7.      Do <u>NOT</u> destroy sell, transfer or dispose of any cellular phone you owned at the time of the collision. The phone(s) are evidence. Destruction or alteration of evidence may lead to sanctions. Please produce any cell phone you owned or were in possession of at the time of the crash.  We will agree to arrange a mutually convenient time for inspection of the phone if it is your primary phone.

**ANSWER:**


                                        Attorney for the Plaintiff


                                        **_/s/ Eaton G. Barnard_**
                                        EATON G. BARNARD (BAR059)
                                        Citrin Law Firm, PC
                                        1904 Dauphin Island Parkway
                                        Mobile, Alabama 36605
                                        Telephone:     (251) 888-8888
                                        Facsimile:     (251) 888-8000
                                        Email: <u>eaton@citrinlaw.com</u>


                        <u>**SERVED WITH THE COMPLAINT**</u>

DOCUMENT 3

ELECTRONICALLY FILED
1/21/2019 4:53 PM
02-CV-2019-900202.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **DEBRA FOWLER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.:  CV-2018-_____** |
| | * | |
| **DJT TRUCKING, LLC,** | * | **PLAINTIFF REQUESTS TRIAL BY JURY** |
| **TIMOTHY G. ROGERS;** | * | |
| **Fictitious parties A, B & C, being those** | * | |
| **persons, entities or corporations** | * | |
| **responsible for the acts complained of** | * | |
| **herein whose identities are not known** | * | |
| **at this time,** | * | |
| | * | |
| **Defendants.** | * | |

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT DJT TRUCKING, LLC

Comes now the Plaintiff DEBRA FOWLER and propounds the following First Interrogatories and Requests for Production to Defendant, DJT TRUCKING, LLC. ("DJT") to be answered and responded to fully and completely within the time frame required by law:

### INTERROGATORIES

1.      State the name, address, and job title of the person answering these Interrogatories, and state if the Defendant, as named in the Complaint, is the correct and legal name of the Defendant. If not, please state the correct legal name of this Defendant.

**RESPONSE:**

2.      Was TIMOTHY G. ROGERS your employee on the date and time of the incident as alleged in the Complaint?  If so, please produce a copy of his entire employee/personnel file

DOCUMENT 3

including any and all Department of Transportation records, driver logs, drug screen results, reviews, complaints, reprimands, employment applications, resumes, etc.

**RESPONSE:**


3.      Was TIMOTHY G. ROGERS acting within the scope of his employment for DJT TRUCKING, LLC. at the time of the subject collision?  If not, state in detail any reasons for denying he was not driving on behalf of DJT TRUCKING, LLC.

**RESPONSE:**


4.      State the name, residence address, telephone number(s), and the substance of the knowledge of each and every person whom you know or suspect to have witnessed or was present at the location and time of the crash made the basis of this lawsuit.  If any recorded statements were taken from any witnesses to the incident, please attach transcripts of same.

**RESPONSE:**


5.      Was there any device in or on the truck driven by TIMOTHY G. ROGERS at the time of the crash which served to identify the location, speed, or operation of the vehicle? If so, please identify the device and produce any information obtained from that device.

**RESPONSE:**


6.      Was any inspection or testing done on the subject truck by anyone associated with DJT TRUCKING, LLC before or after the incident?  If so, fully identify those who performed any

such inspection and produce a copy of any and all reports, letters, memos, photos, etc., resulting from the subject inspection(s).

**RESPONSE:**


7.      Please produce all reports of the subject truck which, in any manner, address alterations, maintenance, mechanical problems, and/or repairs of the truck, including estimates and/or invoices for same.

**RESPONSE:**


8.      Describe any and all policies of insurance which may cover any defendant for the allegations set forth in the Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

**RESPONSE:**


9.      State the name, residence address, telephone number(s), and the substance of the knowledge of each and every person whom you know or suspect to have witnessed the collision made the basis of this lawsuit.

**RESPONSE:**


10.     If you are aware of any statements, written or otherwise, which are in existence in connection with the subject collision, please state the name, residence address, and telephone

DOCUMENT 3

number of the person making the statement, the date the statement was made, and the name, residence address, and telephone number of the person presently having custody of each such statement.

**RESPONSE:**

11.     If Defendant is aware of any photographs and/or videos taken either of the crash itself, scene of the collision, the vehicles involved or any injuries from the collision, please state when these photographs and/or videos were taken, by whom they were taken and attach copies of said photographs and/or videos to your answers to these Interrogatories.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

1.     Produce true and complete copies of any and all photographs, films, slides, videos, or other graphic depictions you, or anyone acting on your behalf, has of the crash, scene of the collision, any vehicles involved, and/or any injuries received by the persons involved in the collision.

**RESPONSE:**

2.     Produce true and complete copies of any and all accident reports, incident reports, investigation reports, or other written documents of any type whatsoever regarding or referring in any way to the subject collision, and which were not specifically prepared in anticipation of litigation.

**RESPONSE:**

3.      Produce true and complete copies of any and all policies of insurance which may cover any defendant for the allegations set forth in regard to the subject collision.

**RESPONSE:**

4.      Produce a true and complete copy of TIMOTHY G. ROGERS' personnel file, including any and all Department of Transportation records, driver logs, drug screen results, reviews, complaints, reprimands, employment applications, resumes, etc.

**RESPONSE:**

5.      Produce a true and complete copy of any drug tests and results of any drug tests that may have been taken and/or collected from TIMOTHY G. ROGERS related to this subject collision, or at any other time during his employment.

**RESPONSE:**

6.      Produce for inspection and download any electronic data recorder on the vehicle at the time of the collision and any data already retrieved or downloaded from the recorder from the day of the crash.

**RESPONSE:**

DOCUMENT 3

Attorney for the Plaintiff


_/s/ Eaton G. Barnard_

EATON G. BARNARD (BAR059)
Citrin Law Firm, PC
1904 Dauphin Island Parkway
Mobile, Alabama 36605
Telephone:     (251) 478-6899
Facsimile:     (251) 478-7198
Email: eaton@citrinlaw.com

**SERVED WITH THE COMPLAINT**

6

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **DEBRA FOWLER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.:  CV-2019-900202** |
| | * | |
| **DJT TRUCKING, LLC; TIMOTHY G. ROGERS;** | * | |
| **DAIRYLAND INSURANCE COMPANY;** | * | |
| **Fictitious parties A, B & C, being those** | * | |
| **persons, entities or corporations** | * | |
| **responsible for the acts complained of** | * | |
| **herein whose identities are not known** | * | |
| **at this time,** | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S RESPONSES TO DEFENDANT TIMOTHY G. ROGERS'**
**FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR**
**PRODUCTION OF DOCUMENTS**

COMES NOW Plaintiff DEBRA FOWLER, and responds to Defendant Timothy G. Rogers'

Requests for Admissions, Interrogatories and Request for Production of Documents as follows:

<u>**REQUESTS FOR ADMISSIONS**</u>

1.      The amount in controversy in this matter exceeds the sum of $75,000.00 exclusive

of interest and costs.

**<u>RESPONSE:</u>**    Plaintiff has not reached maximum medical improvement. Therefore, the full
extent of Plaintiffs' damages are not known at this time.  Therefore, Plaintiff cannot admit or
deny this request.

2.      This case satisfies the "amount in controversy" requirements of 28 USC § 1332.

**<u>RESPONSE:</u>**    Plaintiff objects as this question calls for a legal conclusion.  Without waiving
said objection, Plaintiff has not reached maximum medical improvement. Therefore, the full
extent of Plaintiffs' damages are not known at this time.  Therefore, Plaintiff cannot admit or
deny this request.

1

3.      You are seeking an award of more than $75,000.00 to satisfy all of the claims

stated in your complaint.

**RESPONSE:      Plaintiff has not reached maximum medical improvement. Therefore, the full extent of Plaintiffs' damages are not known at this time.  Therefore, Plaintiff cannot admit or deny this request.**

4.      You will accept more than $75,000.00 in compensatory and punitive damages,

plus interest and costs of court.

**RESPONSE:      Admit.**

5.      There is evidence which supports an award of damages in this case exceeding

$75,000.00 including compensatory and punitive damages.

**RESPONSE:      Plaintiff has not reached maximum medical improvement. Therefore, the full extent of Plaintiffs' damages are not known at this time.  Therefore, Plaintiff cannot admit or deny this request.**

6.      The proper measure of damages, if any, exceeds $75,000.00 inclusive of all claims

for compensatory and punitive damages.

**RESPONSE:      Plaintiff has not reached maximum medical improvement. Therefore, the full extent of Plaintiffs' damages are not known at this time.  Therefore, Plaintiff cannot admit or deny this request.**

## INTERROGATORIES

1.      If your response to any of the foregoing Requests for Admissions is anything other

than an unqualified admission, as to each separate response please state the following:

a.      State each and every fact upon which you rely in refusing to admit said

response;

2

b.   Identify all documents upon which you rely in refusing to admit said response; and

c.   Identify all witnesses who have any knowledge of the facts and/or circumstances upon which you rely in refusing to admit said response.

**RESPONSE:**   Plaintiff objects to this request as discovery is ongoing, experts have not been deposed, and Plaintiff cannot possibly be expected to know each and every fact that support her claims. Plaintiff has not reached maximum medical improvement. Therefore, the full extent of Plaintiffs' damages are not known at this time.  Plaintiff reserves the right to supplement this response to this interrogatory at a later date once discovery has progressed.  Without waiving said objection and/or reservation: Please refer to the crash report and medical records produced with these discovery responses.

2.   State each and every fact which you contend supports an award of damages in this matter in excess of $75,000.00.

**RESPONSE:**   Plaintiff objects to this request as discovery is ongoing, experts have not been deposed, and Plaintiff cannot possibly be expected to know each and every fact that support her claims. Plaintiff has not reached maximum medical improvement. Therefore, the full extent of Plaintiffs' damages are not known at this time.  Plaintiff reserves the right to supplement this response to this interrogatory at a later date once discovery has progressed.  Without waiving said objection and/or reservation: Please refer to the crash report and medical records produced with these discovery responses.

3.   State each and every fact which you claim supports you claim for damages against this Defendant.

**RESPONSE:**   Plaintiff objects to this request as discovery is ongoing, experts have not been deposed, and Plaintiff cannot possibly be expected to know each and every fact that support her claims. Plaintiff has not reached maximum medical improvement. Therefore, the full extent of Plaintiffs' damages are not known at this time.  Plaintiff reserves the right to supplement this response to this interrogatory at a later date once discovery has progressed.  Without waiving said objection and/or reservation:  Please refer to the crash report medical records produced with these discovery responses.

<u>RESPONSE</u>:    Plaintiff objects to this request as discovery is ongoing, experts have not been deposed, and Plaintiff cannot possibly be expected to know each and every fact that support her claims. Plaintiff has not reached maximum medical improvement. Therefore, the full extent of Plaintiffs' damages are not known at this time.   Plaintiff reserves the right to supplement this response to this interrogatory at a later date once discovery has progressed.   Without waiving said objection and/or reservation:  Please refer to the crash report and medical records produced with these discovery responses.

STATE OF ALABAMA)

COUNTY OF MOBILE)

Debra Fowler, being first duly sworn, on oath deposes and says that she is the Plaintiff in the above-styled action; that she signs these interrogatory responses; that she has read the foregoing answers to interrogatories subscribed and knows the content thereof; that said answers were prepared with the assistance and advice of counsel; that the answers to interrogatories set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently, the Plaintiff reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said answers are true to the best of her knowledge, information and belief.


_____
Debra Fowler

SWORN TO AND SUBSCRIBED before me on this the _2nd_ day of April, 2019.

_____
NOTARY PUBLIC
STATE OF ALABAMA AT LARGE

My Commission Expires: _6/9/19_

6

Respectfully submitted,

**/s/ Eaton G. Barnard**
EATON G. BARNARD (BAR059)
Citrin Law Firm, PC
Post Office Box 2187
Daphne, Alabama 36526
Telephone:     (251) 888-8888
Facsimile:     (251) 888-8000
Email: eaton@citrinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 2nd day of April, 2019, Electronically filed the foregoing, using the Alafile system, which will send notification of the filing to the following:

Kenneth A. Hitson, Jr., Esq.
Robert C. Alexander, II, Esq.
Holtsford Gilliland Higgins
   Hitson & Howard, P.C.
29000 U. S. Highway 98, Suite B-101
Daphne, Alabama 36526
khitson@hglawpc.com
ralexander@hglawpc.com

**/s/ Eaton G. Barnard**
**OF COUNSEL**